## R. M. BOURDEAUX, SHERIFF, ETC., *v.* MERIDAN LAND & INDUSTRIAL CO. ET AL.

1. CONSTITUTION, ART. VIII. *School districts.*
   The constitution does not make each county in the state a single school district. It is competent for the legislature to create several districts in a county.

2. SAME. *Free public schools. Uniformity of system.*
   Nor is the separation of a town from the remainder of the county in creating a separate school district violative of the uniformity of the system of free public schools required by the constitution.

3. SAME. *Acts 1886, p. 51, County tax for school purposes.*
   Under § 75 of " An act in relation to free public schools," approved, March 18, 1886, making it the duty of the board of supervisors of each county to "levy upon the taxable property of such *county* a tax of three mills or more" for school purposes, the levy does not include property in a town in the county which is a separate school district. As to such separate district, the levy is to be made by the town authorities, under § 76 of said act.

4. CONSTRUCTION. *Legislative intent. Act of 1886, § 75.*
   In the matter of taxation, the word " county" in said § 75 is to be restricted to property outside of the town, in order to effectuate the purpose of the legislation and to carry out the scheme of separate school districts. It does not follow that the meaning of the word is to be thus restricted in other parts of the law, because there is nothing to suggest it.

FROM the chancery court of Lauderdale county.

HON. SYLVANUS EVANS, Chancellor.

Section 75 of " An act in relation to free public schools," approved March 18, 1886, is as follows : " It shall be the duty of the board of supervisors of each county in this state, on or before the first Monday in September, annually, to levy upon the taxable property of such county a tax of three mills or more on the dollar, to be collected as other county taxes for general purposes, and at the same time, and to paid into the county treasury to the credit of the common school fund, to make up any deficiency in the aggregate amount of common school funds arising from other sources neces-

sary to maintain the public free schools of said county during the time required by law." . . . .

Section 76 of said act is as follows: "The board of mayor and aldermen of any town constituting a separate school district shall annually levy a tax sufficient to pay for fuel and other necessaries for the public free school of said district during the current scholastic year, and shall also make such levy of taxes as may be necessary to maintain the public free school in such city or town, in accordance with this act."

The city of Meridian, in the county of Lauderdale, is a separate school district. In August, 1889, the municipal authorities of said city levied a tax on the property therein to maintain the public schools in said district. In September, 1889, the board of supervisors of said county of Lauderdale levied a three-mill tax for school purposes on all the taxable property in the county, including that situated within the city of Meridian.

On the 15th of November, 1889, the bill in this case was filed by the appellees, setting up that they were taxpayers, owning property in said city of Meridian, and seeking to enjoin appellant, the sheriff, and tax-collector of said county, from collecting the said three-mill tax so levied by the board of supervisors on their property situated within the limits of said city, a separate school district. Various objections were urged against the tax, but, in view of the decision of this court, it is not necessary to state them. A preliminary injunction was granted, and complainants filed an amended bill. Thereafter the defendant filed his answer and made a motion to dissolve the injunction on bill and answer, which motion was overruled. From the order overruling said motion to dissolve the injunction, the defendant appealed.

The opinion contains a further statement of the case.

*Walker & Hall*, for appellant.

Art. viii. of the constitution provides for the establishment of a uniform system of free public schools, with a state superintendent, a board of education, and county superintendents. It also provides for school districts, and for a four months' term annually in each.

It provides also for a common school fund, to be divided *pro rata* among the educable children of the state. Under the general law this fund is $300,000, and is distributed to the several *counties*. A county constitutes a school district within the meaning of the constitution, as is evident from the following considerations: 1. The districts are in charge of superintendents, one for each county. 2. The schools of each district are required to continue four months in each year, on forfeiture of all share in the distribution if this is not done. 3. The fund is distributed by the state, one of the sources being fines collected in the *counties*. 4. The distribution is to the *counties*, without reference to towns or separate districts in the counties. Therefore, the legislature creating or recognizing separate school districts in a county is void as contravening the fundamental law.

To supplement the amount derived by the county from the distribution of the general fund, § 75 of the act of 1886, requires the board of supervisors to levy a three-mill tax upon the "taxable property of the *county;*"—all property in the county, not a part of it.

If this levy is only upon the property of the county outside of towns with 750 inhabitants, it would follow that such towns are not to share in the distribution of the general fund by the state, for this distribution is made to the "county." The same term is used as in § 75, providing for the levy of the three-mill tax. "County" means the *whole* county in both connections or neither.

It is true that § 76 of the act of 1886 requires municipal authorities to levy taxes for schools therein, but the section closes with the language, "*in accordance with this act.*" All the legislation must be construed together. The constitution makes each county a district, and these towns are parts of these constitutional districts. The purpose of conferring the power of taxation on such towns is simply to authorize the continuance in each of a public "school" for three months, in addition to the term provided for the county generally. The idea is that, while the constitutional term of four months is sufficient in the county, yet in towns of 750 inhabitants or more, when there is an aggregation of wealth, the local pride

will promote a desire for a longer term and increased school facilities.    Hence, the power is given to such towns to raise additional funds to erect buildings and continue the schools longer than is provided for in the country.    Such we deem to be a correct interpretation of the public free school law of this state, viewed as a whole and in connection with the requirements of art. viii. of the constitution.

If the theory of complainant's bill is maintained, then the free public school system of this state is unequal, unjust and wholly at variance with the principle upon which the state may exercise the power to tax all her citizens to give free education to all children alike.    The state has no step-children, and in providing funds for educational purposes, she does not seek to know the domicil of any of her children, nor the location of property to be taxed.

Suppose the value of property in the city of Meridian is $4,000,000, and there are 3000 educable children within the corporate limits; and suppose that the value of the property in the remainder of the county is $2,000,000, and that outside of the city there are 4000 educable children.    The result would be that 3000 children would get the benefit of a three-mill tax on property the value of $4,000,000, while in the county 4000 children would only have the benefit of the same tax on one-half the amount of property.

We regard the act making Meridian a separate school district unconstitutional and void as being out of harmony with the uniform public free school system created and provided for by the constitution.    *Otken* v. *Lamkin,* 56 Miss. 758.

*Fewell & Brahan,* and *J. S. Hamm,* for appellees.

1. The board of supervisors had no right to levy the tax in question on property within the city of Meridian.    Being a separate school district, the city had the exclusive right to lay the necessary tax for the support of its schools.

From the beginning we have had separate school districts.    Code 1871, § 1994; Code 1880, §§ 705, 706.

Under the code of 1871 the county authorities levied the tax to

support schools outside of cities or towns constituting separate school districts, and the municipal authorities levied the tax to support the schools in such separate districts.   Code 1871, § 1992 *et seq.*

And the same rule prevails under the code of 1880.   See sections 730, 731.

And this is continued by the act of March 18, 1886. See sections 42, 47, 75, and 76 of that act.   Section 76 is identical with § 731 of the code of 1880.   We must construe all the above-mentioned sections of the act of 1886 together, and in connection with the act of March 3, 1888, making Meridian a separate school district.

We respectfully urge that the construction of the law for which we contend is favored by every suggestion of the fitness of things and by every idea of simplicity, convenience and order.

2. Even if the board of supervisors had power to levy taxes on the property in the city for schools, the municipal authorities had concurrent power, and, the latter having first acted, the board of supervisors could not afterwards levy a tax for the same purpose.

CAMPBELL, J., delivered the opinion of the court.

We proceed to consider the main question in this case, without notice of others, viz: Does sec. 75 of, "An act in relation to free public schools," approved March 18, 1886, which requires the board of supervisors of each county, annually, to levy upon the taxable property of such county a tax of three (3) mills or more on the dollar, contemplate the inclusion in such levy of such taxable property as is within the limits of any incorporated town in such county, which is a separate school district?   The question is a very plain one, and we answer it without any hesitation or doubt in the negative.   From the beginning, under the present constitution, the system has been for each county to constitute a school district, and for incorporated towns having a prescribed population to constitute separate school districts, either by force of the school law making them such, as by § 1994 of the code of 1871, which in this followed the school law of July 4, 1870, except as to the number of inhabitants, and the school law of April 17, 1873, or by the

determination of the municipal authorities of towns having a certain number of inhabitants, which varied until, by the act of 1886, an incorporated town having a population of 750 was empowered to be a separate school district. By the act of July 4, 1870, there was a separation of towns having a population over 5000 from the counties they were in as school districts, and no provision was made for raising money for the support of schools by municipal taxation. Taxes were to be levied by the board of supervisors only, but the county treasurer was required to "keep a separate account with each district in the county, and credit each district with the amount thus collected." The levy, although made by the board of supervisors, was upon the taxable property in each district, and a separate account was to be kept of the money raised *in each district.* Acts 1870, p. 11, § 32. Each district, the county and town separately, had its own board of school directors, and separate administration, except that it was subject, as provided, to the county superintendent of education, and was dependent on the board of supervisors for the levy of taxes.

By, "An act in relation to public education," chapter 39 of the code of 1871, every county, and every incorporated town containing more than 3000 inhabitants, was made a school district, separately, with provision for separate administration of schools ; and it was made the duty of the board of supervisors to levy a prescribed tax upon the taxable property of the county, and the "city council of any incorporated city," etc., to levy a tax upon the taxable property of the city, to defray the estimated costs and expenses of school houses and teachers. Code of 1871, § 2053. The money thus obtained was to go into the county and city treasury, respectively, for the support of schools in the respective districts.

By the act approved April 17, 1873, which was a revision of the school law of the state, not only was each incorporated town of more than 2000 inhabitants made a separate school district, but each of such towns was to contribute to pay the salary of the county superintendent on the ratio of its taxable property to the entire taxable property of the county, and the board of supervisors was required to levy a tax, annually, upon the taxable property of

the county and the mayor and aldermen of the city or town were to levy such tax on the taxable property of the city or town for school-house and teachers' fund, etc.

By the school law, approved March 5, 1878, which was a general revision of the law on that subject, and more extended and elaborate than any preceding it, any town of one thousand or more inhabitants was empowered to be " a separate school district, if the mayor and aldermen so elect," and the line of separation between the districts, and controlling authority of the board of supervisors and town authorities was clearly drawn ; and it was provided that, " the board of mayor and aldermen shall exercise in such town or city, all the duties and functions prescribed in this act for board of supervisors in the county," and among these was the duty to levy a tax not to exceed three mills on the dollar for school purposes. The school law of the code of 1880 is the act of 1878, slightly changed. By it towns having 1000 inhabitants could elect to be separate school districts, and by § 731, the board of mayor and aldermen of any such town as constituted a separate district was authorized to levy a tax sufficient to maintain the free public schools in such city or town, as contemplated by the law. The section immediately preceding empowered boards of supervisors to levy a tax upon the taxable property of the county for the maintenance of schools in the county. The chapter in the code of 1880 was but little changed until the act of March 18, 1886, and § 76 of the act of 1886, is § 731 of the code of 1880, except the word " school" for " schools," which is a distinction without a difference.

It is manifest from a review of legislation that a city or town, which by law is a separate school district, is excepted from the county in the matter of the levy provided for by the board of supervisors. The board of supervisors is to levy taxes on the taxable property of the county outside of, and distinct from, the town made a separate school district. That is the province of the board of supervisors. The town is in the county, but not of it, for this purpose of taxation, because the legislature has separated county and town for school purposes, and given the control of the county outside of town to the board of supervisors, the county authorities,

and the town to its authorities.    The language making it the duty of the board of supervisors of each county to levy a tax upon the taxable property of the county, is general, because each county is a school district, and may not have in it a town which is such, but the manifest purpose of the legislature is to employ the word *"county"* in the sense of a school district, outside of a town which is one.    In this restricted sense the word " county" is to be understood in the matter of taxation, in order to carry out the legislative scheme of separate school districts between counties, and the towns they may contain.    Nor is it necessary or allowable to give this restricted meaning to the word " county" in other parts of the law, because there is nothing to suggest such restriction, as in reference to separate districts and taxation in them.    Generally the word " county" embraces the whole county, including towns in it, but where it is used in a limited or restricted sense, it must be so interpreted in conformity to familiar rules of interpretation.

There is nothing in the constitution to support the position that each county is a school district, and that a district may not be made within a county.    The creation of several school districts in a county is free from any constitutional objection.    And the separation of towns from the county, in the creation of school districts, is not violative of the uniformity in the system of free public schools required by the constitution.    The argument that because Meridian may have a taxable wealth of $4,000,000, and 3000 children of educable age, and the county of Lauderdale, excluding Meridian, may have $2,000,000 of taxable property, and 4000 educable children, and therefore that 3000 children in Meridian would get the benefit of a three-mill tax on $4,000,000, while the 4000 in the county would have the benefit of such tax on only $2,000,000, has no merit as an attack on uniformity of the system or justice in appropriating money raised by taxation in the separate school districts.    Each gets its own, and none should complain.    The country-man does not pay any of the town tax, and has no just claim to share its benefits.    He gets a share of the larger wealth of the town in the general tax for school purposes, so far as it is raised by general taxation and is distributed as school fund by the state.

We deal not with the policy of the scheme as established, which is for the legislature to determine, and notice the argument as to alleged inequality, only to show that it is unfounded as to the purpose for which it is used. It is, probably, true that by far the larger part of the taxes for all objects is paid by the cities, towns and villages; but it is also probably true that the explanation of this is found in the fact that town property is taxed much nearer its value than property in the county, and business pursuits, which are taxed, are chiefly found in towns, and by far the larger part of values exempted from taxation is in the country. Whatever may be true as to the facts or the explanation, there is no violation of the constitution in permitting taxation in each district for its own schools.

As the question discussed dominates all the other questions in the case, their consideration is rendered unnecessary by the view taken, which disposes of the case on its merits.

*Affirmed.*

