W. H. Bufkin, Chancery Clerk, v. T. F. Mitchell.

[63 South. 458.]

1. Schools and School Districts. *Statutes. Uniformity. Constitution 1890, section 201. Laws 1912, chapter 255. Transportation of pupils.*

Chapter 255, Laws 1912, amending Laws 1910, chapter 124, does not violate Constitution 1890, chapter 201, which requires the legislature to establish a uniform system of free public schools, since "uniform" means equable, applying alike to all within a class, and laws are uniform when they bear equally, in their burdens and benefits, upon persons standing in the same category.

2. Same.

Uniformity in an educational system does not mean that each and every school shall have exactly the same course of study, the same qualification in teachers nor the same items of expenses in conducting the schools. There should be no discrimination as between the different counties or sections, but equal and uniform privileges and rights should control over all the state. At the same time the administration of affairs and the local details of the system may be committed by general provisions to the local authorities.

3. Same.

Uniformity in the educational system as provided for by Constitution 1890, section 201 is not violated, by the consolidation of several schools in rural communities into one large school, whereby a larger and more suitable building is secured, improved school facilities and conveniences had, better prepared and more competent teachers engaged, and general improvements in the means for acquiring an education provided, since this does not prevent the continuation of the school for four months, nor interfere with the proportionate distribution of the funds, as required by the Constitution, nor result in the appropriation of school funds to schools not conducting a free school according to the Constitution.

4. Same.

The fact that section 4 of chapter 255, Laws 1912 extends to the consolidated district the right to make its school a graded school, having the privilege granted to separate school districts under

section 4535 of the Code of 1906 does not render the chapter a violation of the constitutional provision for the uniform system of free public schools, especially as when the constitution was adopted, by section 201, the legislature was authorized "as soon as practicable to establish schools of higher grade."

5. SAME.

Laws 1912, chapter 255 is not violative of the Constitution 1890, section 201, requiring the establishment of a uniform system of free public schools, as committing too much power to the county superintendent in the management of the school and expending the money for transportation. The general laws require of him the performance of many duties, and confer extended authority in the administration of the affairs of the county schools, and it is not objectionable to commit to the authorities in the separate counties or district the management of the local details incident and necessary to the successful carrying on of the schools.

6. SAME.

The failure of chapter 255, Laws 1912 to provide a maximum amount to be paid contractors for the transportation of children does not invalidate the act. Such failure may be a criticism of the law but is not sufficient to render it unconstitutional.

7. SAME.

The payment for the transportation of the children as provided for under chapter 255, Laws 1912 out of the common school fund is not a diversion of the fund not authorized by the Constitution as such funds are to be used to maintain the public schools and this is an item of the expense in conducting the school.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Mandamus by T. F. Knight against W. H. Bufkin, chancery clerk. From a judgment in favor of plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Deavours & Shatbrough,* attorneys for appellant.

*W. J. Pack* and *Geo. H. Ethridge,* assistant attorney-general, for the appellee.

Counsel on both sides filed elaborate briefs too long for publication.

REED, J., delivered the opinion of the court.

This case involves the constitutionality of chapter 255 of the Laws of Mississippi 1912, which provides for the transportation of pupils in the consolidated school districts, and for the raising of funds to maintain such schools for at least seven months in each scholastic year. A consolidated school district was formed in Jones county, and known as the "Whitfield Line Consolidated School." A contract was entered into for the transportation of pupils according to the provisions of the statute. The chancery clerk, who is also the clerk of the board of supervisors of the county, refused to issue the warrant on the general county school funds to pay for such transportation. On the relation of parties in interest the district attorney filed proceeding in mandamus to require the clerk to issue the warrant. A demurrer was filed to the petition of the district attorney. The circuit judge overruled the demurrer, and, appellant declining to plead further, judgment directing the issuance of the warrant was entered, from which this appeal is prosecuted.

Counsel for appellant, at the end of their brief, say: "The purpose of the litigation in this particular case is to determine as to the validity and constitutionality of chapter 255 of the Laws of 1912, and the court is requested to determine as to the constitutionality of said chapter. And therefore it has been agreed that the question to be presented to the court for its determination and decision is as to the validity and constitutionality of this chapter, and that any other questions that might be of force and effect in the determination of this litigation may be disregarded by the court." So we confine our consideration of this case to the question of the validity of the statute.

Appellant claims that chapter 255 violates the provisions of the Constitution because it disturbs the uniform system of free public schools. He contends that the payment for transportation of pupils is a diversion of public school funds to a purpose not authorized.

Chapter 255 is an act to amend chapter 124 of the Laws of 1910, which is ''An act to provide for the transportation of pupils'' when schools are consolidated.

Section 1 of chapter 255, after the enacting clause and the declaration that chapter 124 of the Laws of 1910 is amended, etc., reads as follows: ''That where two or more schools as consolidated into one school by the county school board, the board of public school trustees for said consolidated school, together with the county superintendent, are authorized and empowered to provide means for the transportation of pupils living two miles from the consolidated school to and from the school house in the district, under such rules and regulations as may be prescribed by the state board of education.''

Section 2 of the chapter is as follows: ''The expense necessary to carry this act into effect and provide for the transportation of the pupils, as provided in section 1 of this act, shall be paid out of the school fund of the county. At the end of each scholastic month the person or persons employed to transport the pupils shall file with the county superintendent an itemized statement of his services, properly sworn to by him and approved by at least two of the trustees and certified to by them; and upon the filing of such account with him the county superintendent shall issue to such person a pay certificate, and such account shall be filed and preserved in his office. If the trustees, without good cause, refuse to approve said itemized account, such person may appeal to the county superintendent, who shall issue his pay certificate without the approval of the trustees, in case he decides, after full investigation, in favor of the person who transports the pupils. Upon the presentation of the pay certificate for services rendered, as herein set out, duly attested by the county superintendent, the clerk of the board of supervisors shall issue a warrant in the manner as directed for the issuance of teachers' warrants in section 4566 of the Mississippi Code of 1906. The oath required to

said account may be made before the county superintendent.''

Section 3 provides that a tax may be levied on the property in a consolidated district sufficient to pay for fuel, transportation wagons, and other incidental expenses, erect and repair school buildings for the district, and also sufficient to maintain the schools of the district, by supplementing the county common school fund, for at least seven months in each scholastic year. On petition of the majority of the qualified electors of a consolidated school district, containing not less than twenty-five square miles, and on the approval of the county school board, the levy of taxes by the board of supervisors may be made in the same manner as provided in separate school districts. The board of supervisors is also authorized to issue bonds for such district to erect, repair, and equip school buildings therein, the expense of transporting pupils to be borne by the district after the expiration of the county public school term.

Section 4 extends to such district the privilege of making its school graded, and having the privileges granted to separate school districts under section 4535 of the Code of 1906.

The constitutional plan for the establishing of a uniform system of free public schools in Mississippi is presented in article 8 of the state Constitution, under the subject of ''Education.''

We give the first section (201) of the article in full as follows: ''It shall be the duty of the legislature to encourage, by all suitable means, the promotion of intellectual, scientific, moral, and agricultural improvement, by establishing a uniform system of free public schools by taxation or otherwise, for all children between the ages of five and twenty-one years, and, as soon as practicable, to establish schools of higher grade.''

In section 202 it is stated that there shall be a superintendent of education, ''who shall have the general su-

106 Miss. 17

pervision of the common schools and of the educational
interests of the state," and who shall perform such duties
as shall be prescribed by law.

Section 203 provides a board of education, consisting
of the secretary of state, the attorney-general, and the
superintendent of education, who shall manage school
funds, and perform such duties as may be prescribed.

Section 204 provides for a county superintendent of
education, whose duties shall be prescribed by law.

Section 205 requires that public schools shall be main-
tained in each school district in the county at least four
months during each scholastic year.

Section 206 provides for a county common school fund
and state common school fund which together shall be
sufficient to maintain the common schools for such term of
four months.. It authorizes any county or separate school
district to levy an additional tax to maintain its school
for a longer terms than four months, and declares that
the state fund shall be distributed among the separate
counties and separate school districts in proportion to
the number of educable children.

In section 208 it is provided that no religious or other
sect shall control any part of any fund, that no funds be
appropriated for the support of sectarian schools, nor
for any school that at the time of receiving such ap-
propriation is not conducting a free school.

The foregoing shows the necessary constitutional re-
quirements for uniformity in the system of free public
schools in this state in so far as they concern the pres-
ent consideration.

It will be seen that the purpose of the educational sys-
tem provided in the Constitution is to promote "intel-
lectual, scientific, moral, and agricultural improvement."
Funds may be raised by taxation or otherwise. The
general supervision of the educational interests of the
state is committed to a state superintendent, and he,
with two other officials, compose a board who manage

school funds. There is also a county superintendent, whose duties are prescribed by statutes. Schools must be maintained for four months each year; necessary appropriation must be ·made to that end, and the distribution shall be to the separate counties and districts in proportion to the number of educable children.

Wherein is there a violation of these fundamental provisions for uniformity by chapter 255?

Uniform means ·equable, applying alike to all within a class. From the Century Dictionary we get the definition, "applicable to all places, or to all divisions of a country." The requirement of uniformity is met when a law or system operates uniformly on all those coming under its provisions. Anderson's Law Dictionary defines "uniform" to mean, "conforming to one rule; affecting persons and property alike." Laws are uniform when they "bear equally, in their burdens and benefits, upon persons. standing in the same category."

We can hardly hold uniformity in the educational system of Mississippi to mean that each and every school shall have exactly the same course of study, the same qualification in teachers, the same items of expenses in conducting the schools. There should be no discrimination as between the different counties or sections. Equal and uniform privileges and rights should control over all the state. At the same ·time the administration of affairs, the local details of the system, may be committed by general provision to the local authorities. Local conditions vary in the different sections and requre different attention.

Now the consolidation of several schools in rural communities into one large school, whereby a .larger and more suitable building is secured, improved school facilities and conveniences had, better prepared and more competent teachers engaged, and general improvement in the means for acquiring an education provided, is surely not violative of uniformity in the educational system. This

is in keeping with the very purpose of the constitutional plan to promote intellectual improvement. It does not disturb the supervision of schools by the state and county officers. In truth the county superintendent is to take an active part in the management of the affairs of the new school.

Such consolidation does not prevent the continuation of the school for four months, nor does it interfere with the distribution of the funds in proportion to the educable children. On the other hand, it is in keeping with the authorization in section 206 to counties and separate districts to levy an additional tax in order to continue schools for longer than four months. It does not violate the provision in section 208 that no funds shall be appropriated for a school which, at the time of receiving such appropriation, is not conducting a free school, for the chapter provides for the organization of a free public school.

We see no objection to the act because it extends the right to make such school a graded school and the privileges granted to separate school districts under the Code. The formation of such separate districts and schools has been approved by one court, and held to be not violative of the Constitution.

In the case of Bordeaux v. Meridian Land & Industrial Co., 67 Miss. 311, 7 So. 287, Judge CAMPBELL, delivering the opinion of the court said: "There is nothing in the Constitution to support the position that each county is a school district, and that a district may not be made within a county. The creation of several school districts in a county is free from any constitutional objection. And the separation of town from the county, in the creation of school districts, is not violative of the uniformity in the system of free public schools required by the Constitution."

We cannot agree with appellant in his contention that section 4 of chapter 255, which extends to the consolidated district the right to make its school a graded school

having the privileges granted to separate school districts under section 4535 of the Code, renders the chapter a violation of the constitutional provision for the uniform system of free public schools. This argument can be made against all separate school districts, having graded schools. Such schools do not interfere with the uniformity plan. We do not see any force in his argument relative to the branches of study in the school being more than those provided by the statute. We note that the curriculum set out in the Code is quite full. However, this is a provision of the statute, and not a constitutional limitation. While it does not appear, in the present consideration, that graded schools violate this provision by having additional branches of study, yet we see no objection to the legislature's authorizing graded high schools to add other studies; surely this would not affect the uniformity of the school system. We must bear in mind that, when the Constitution was adopted, by section 201, the legislature was authorized, ''as soon as practicable, to establish schools of higher grade.'' Chapter 255 is dealing with a regularly organized free public school under the laws of Mississippi, and properly grants the authority to make such school a graded school, provided for in the statute.

We see no force in the argument that too much power and discretion is committed to the county superintendent in the management of the school and expending the money for transportation of the pupils. It will be seen that the general laws require of him the performance of many duties, and confer extended authority in the administration of the affairs of the county schools. In the very nature of the case this is necessary. In addition, it is not objectionable to commit to the authorities in the separate counties or districts the management of the local details incident and necessary to the successful carrying on of the schools. This does not disturb the uniform system.

In 8 Words and Phrases, page 7178, citing *Reynolds* v. *City of Topeka,* 66 Kan. 672, 72 Pac. 274, as authority, we

take the following: "The word 'uniform,' as used in Const. art. 6, par. 2 (Kan.), providing that the legislature shall establish a uniform system of common schools, requires uniform educational facilities. Such facilities may be maintained with great simplicity of organization in sparsely settled regions, while the most elaborate machinery is necessary to meet the requirements of dense populations in cities. The system of schools, however, is uniform. Divisions and classifications of children in various respects may be necessary in the city, and not in the country, in order to obtain the best results from the facilities afforded." We make the following quotation from the same volume and page: "A system of common schools that grants to all the various subdivisions of the state equal and uniform rights and privileges, leaving only to the local authorities the right to govern the local affairs, is a general and uniform system within the statute providing that the legislature shall provide by law for a general and uniform system for the common schools —citing *Robinson* v. *Schenck,* 102 Ind. 307, 320, 1 N. E. 698."

Appellant earnestly contends that the failure to provide a maximum amount to be paid contractors for the transportation of children invalidates the act. We do not see that this is so. Such failure may be a criticism of the law; but it is not sufficient to render it unconstitutional. If there is any want of wisdom in failing to provide a maximum amount, this can be easily remedied by the legislature.

Appellant claims that the payment for the transportation of the children out of the common school fund is a diversion of the fund not authorized by the Constitution. We think he is wrong in this claim. We consider this an item of the expense in conducting the school. The school funds are to be used to maintain the public schools. The incidental expenses in conducting the school vary in different communities. The funds, for instance, are not

used only to compensate teachers, but may also be used to pay necessary or proper expenses in the general operation of the school system in the state. The county assessor is paid out of the school fund for enumerating educable children. The expenses of holding teachers' institutes come out of such fund, and the payment of the members of the school board is out of the same fund.

If the establishment of these consolidated schools in rural districts is, as claimed, for the general improvement in the system as it operates throughout the state, and provides superior advantages and opportunities for the promotion of intellectual, scientific, moral, and agricultural knowledge and training, then we cannot see that there is any improper diversion of the school fund to apply a necessary portion thereof in transporting pupils residing outside of a certain distance to the school, so that such consolidated and improved school may be maintained. We can readily see that the organization of such consolidated districts, in addition to improving the school instruction, may result in the saving of expenses in conducting the schools in the rural communities through centralization and united work.

Chapter 255 is a general law operating equally upon all brought within the relations and circumstances therein provided. The rights, privileges, and benefits of the act are denied to none, and are open and applicable to all localities of the state. We do not believe that the establishment of consolidated schools, with its plan for transportation of pupils, is a break in the uniform system of free public schools provided in the Constitution.

*Affirmed.*