## LINCOLN COUNTY v. WILSON et al.

[88 South. 516, No. 21933.]

1. SCHOOLS AND SCHOOL DISTRICTS. *In proceedings to validate bond issue, legality of district cannot be inquired into beyond record of organization.*

   In a proceeding under chapter 28, Laws Ex. Sess. 1917, to validate bonds issued by the board of supervisors for a consolidated school district, such school district having, under the law, been organized by the county board of education, any attack made on the organization of such school district is a collateral attack; therefore in such validation proceeding there can be no inquiry as to the legality of the organization of the consolidated school district beyond what the record of its organization by the board of education shows on its face.

2. SCHOOLS AND SCHOOL DISTRICTS. *Date of resolution for issue of bonds of consolidated district held not to render issue void.*

   The fact that the resolution of the board of supervisors declaring its purpose to issue bonds for a consolidated school district under chapter 207, Laws of 1920, antedates by four days the resolution of the county board of education organizing such consolidated school district, the former resolution not having been published until after the resolution organizing the school district had been adopted, was not fundamental, but a mere irregularity, and did not render the bonds of said school district void.

APPEAL from chancery court of Lincoln county.

HON V. J. STRICKLER, Chancellor.

Proceedings by the state's bond attorney to validate school district bonds to which J. P. Wilson and other objected. Objection sustained, and from a decree holding the bonds invalid, the board of supervisors of Lincoln county, on behalf of the School District appeals. Reversed and rendered.

*H. Cassedy,* for appellant.

*P. Z. Jones,* for appellee.

No brief found in the record for either side.

ANDERSON, J., delivered the opinion of the court.

This is a proceeding by the state's bond attorney under chapter 28, Laws Ex. Sess. 1917, to validate seven thousand dollar bonds of the Arlington consolidated school district of Lincoln county, issued under chapter 207, Laws of 1920, for the purpose of erecting a school building for said school district.

On the hearing before the chancery court the appellees, taxpayers of said school district, appeared and filed objections to the validation of the bonds. The objections of the appellees were sustained, and the court rendered a decree holding the bonds invalid, from which the board of supervisors on behalf of the school district appeals.

Only two objections to the validity of these bonds are urged and argued in this court. One is that there was no Arlington consolidated school district, and therefore no authority for the issuance of the bonds in question; the other that the order of the board of supervisors declaring its intention to issue the bonds appears on the minutes of the board to have been adopted on the 5th day of July, 1920, before the organization of the Arlington consolidated school district by the county board of education, the minutes of that board showing that the district was not organized until the 9th day of July, 1920; and therefore the whole proceeding is void. The controlling facts in the case are undisputed. Therefore the record presents only questions of law. The facts are substantially as follows: The bonds involved were sought to be issued under chapter 207 of the Laws of 1920. Until the 9th day of July, 1920, there was no Arlington consolidated school district. There was, however, the Arlington school district, an ordinary rural school district. For the purpose of making a consolidated school district out of the territory contained in this school district, the board of education met on July 9, 1920, and passed an order carving out of it a part of its

territory, which the board designated in its order as the Brent school district. The board of education then adjourned, and on the same day the county superintendent of education called it together in another meeting. At this meeting another order or resolution was passed consolidating the territory in the Arlington school district and the Brent school district into one school district, calling it the Arlington consolidated school district. These facts are shown by the minutes of the county board of education. In addition it was shown by parol testimony that the board of education took this action at these two meetings for the purpose alone of meeting what they were advised were the requirements of the law as declared by this court in *Trustees of Walton School* v. *Covington County*, 115 Miss. 117, 75 So. 833, to the effect that it took two or more rural school districts to constitute a consolidated school district; in fact, it was clearly shown that this action was taken for the purpose of evading the holding of the court in this case.

The minutes of the board of supervisors show that the resolution passed by it declaring its purpose to issue the bonds of the Arlington consolidated school district was adopted on July 5, 1920, four days before the formation of the consolidated school district. The parol testimony, however, shows that this order of the board of supervisors was in fact adopted on July 9, 1920, the same date the board of education formed the consolidated school district. The clerk of the board testified that this occurred through mere error of his in filing and entering the resolution on its minutes.

The first question which will be considered is whether in a proceeding under chapter 28, Laws of 1917, to validate these school bonds the organization by the county board of education of the consolidated school district can be attacked.

It should be borne in mind that the organization of the school district was by one authority, the county board of education, while the proceedings to issue the bonds were

by another and different authority, the board of super-
visors of the county; and it should also be remembered
that under our law a consolidated school district may be
conducted as a consolidated school district for an indefi-
nite length of time without issuing bonds, or it may issue
bonds at once, or it may conduct its affairs for a time
without issuing bonds, and then issue them. It cannot be
said that the action of the board of education in forming
a consolidated school district is a part of the proceedings
by the board of supervisors to issue bonds of such district.

The purpose of chapter 28, Laws of 1917, is to authorize
a test of the validity of the proceedings to issue bonds of
the character therein described had before the body or au-
thority issuing such bonds.

Where in a case like this the district for which the bonds
are to be issued was organized by one authority, and the
bonds issued by another and different authority, under
this statute there can be no inquiry into the legality of the
formation of the district beyond what the record shows on
its face; for that question only arises collaterally. If,
therefore, according to the face of the proceedings before
the board of education there is a valid consolidated school
district, that is the end of the inquiry. It is inconceivable
that the legislature intended by this bond validation stat-
ute to open up for review by the chancery court not only
the proceedings to issue bonds had by the authority issuing
them, but, in addition, the legality of the organization of
the district for which the bonds are issued, where the dis-
trict is organized by one authority and the bonds issued
by another. If this were true in a proceeding to validate
county or municipal bonds of any character under this
statute, the validity of the organization of the county or
municipality could be inquired into.

This is analogous to the question involved in *Dye et al.
v. Town of Sardis*, 119 Miss. 359, 80 So. 761. In that case
there was a collateral attack on the bonds of the Sardis
separate school district because it was contended that the
district was illegally organized. This court held that the

separate school district had been created under legislative authority and had become an instrumentality of the government for school purposes. That being an arm of the state government, the legality of the organization of the district could not be attacked collaterally.

The proceedings of the board of education are valid on their face. They show a legal consolidated school district with the required territory. This being a collateral attack on the organization of the district, it follows, even if it be true that the district was fraudulently organized, that fact cannot be considered for the reasons stated.

It is true that the resolution declaring the purpose of the board of supervisors to issue the bonds antedates by four days the resolution of the county board of education organizing the consolidated school district. But the record shows that the school district was organized on July 9, 1920, and the resolution of the board of supervisors declaring its purpose to issue the bonds, although appearing on the minutes of the board of supervisors under date of July 5, 1920, was not published until July 10, 1920.

Section 2 of chapter 207, Laws of 1920, under which these proceedings were had to issue bonds, provides, among other things, that:

"Before issuing said bonds, the board of supervisors shall, by resolution, spread upon its minutes, declare its intention of issuing said bonds," etc.

This resolution was spread on the minutes before the order issuing the bonds, and also before the publication of the notice of the intention to issue the bonds was entered thereon. This irregularity is not fundamental. No harm to any taxpayer could result therefrom. Our opinion is it does not affect the validity of the bonds.

*Reversed, and decree here for appellant.*