MILLER *et al. v.* SILVER CREEK SEPARATE SCHOOL DIST.

[95 South. 688. No. 23179.]

MUNICIPAL CORPORATIONS. *In contest on validity of bonds, costs taxable against county, municipality, or taxing district even where successful.*

In a contest to test the validity of bonds under the provisions of Chapter 28, Laws of 1917 (Extra Sess.), section 5 of said act so providing, the cost of the litigation is taxable against the county, municipality, or other taxing district even in cases in which the county, municipality, or bonding district wins the litigation.

APPEAL from chancery court of Lawrence county.

HON. D. M. RUSSELL, Chancellor.

Proceedings between A. C. Miller and others and the Silver Creek Separate School District. From the judgment rendered, the former appealed, and judgment was affirmed without opinion (95 So. 145). On motion to retax costs. Motion sustained.

*P. Z. Jones,* for appellants.

Section 5 of the act provides "that the court cost in all such cases shall be paid by the county, municipality or district proposing to issue said bonds." In *Lincoln County* v. *Wilson, et al.,* 125 Miss. 837, 88 So. 516; record number 21933, which was a proceeding to validate a bond issue, the court cost was taxed by this court, on reversing the decree of the court below, against objecting taxpayers asking that the cost be re-taxed, and this motion was sustained by the court. This is not shown in the reported case as it appears in 125 Miss., but an examination of the record will verify this statement.

We respectfully submit that under the act and the decision of the court in the case cited all of the cost in this proceeding should be taxed against the Silver Creek separate school district.

*Hilton & Hilton,* for appellee.

It occurs to us that the proper construction or interpretation to put on chapter 28, extraordinary session of 1917, is that this section with reference to requiring the

county or district to pay the cost, has reference to paying all the cost in having the bonds validated by the court, that accrues at their instance. If to hold that it applies to all cost accrued even though the validation of the bonds were contested, would open the gates to any kind of frivolous objections or litigation. Certainly even if it should be contested, to hold that contestants had a right to appear in the chancery court and raise objection to the validation of the bonds, and if the bonds should be validated, to adjudge the cost of this hearing against the district. And if the contestants were not satisfied with the decree, as was true in this case, and appealed the case, and the case should be affirmed, certainly the cost should be taxed against appellant. It does not occur to us as being right or reasonable to take money that people have voted to build a school and pay it out to objectors to litigate them with. In other words if objectors desire to take a ride into the supreme court, in a case of this kind, they ought to pay the freight.

As this chapter of bonding attorney sets out, and as has been held by this court, that this proceeding is but an additional jurisdiction given to the chancery court, rule of cost would be the same as other proceedings in the chancery court. We have statutes providing that certain proceedings may be brought by complainants and that they are to be taxed with the cost. For instance, suits for divorces, and suits for partition of property, etc. However if such suits are contested, the taxing of the cost is discretionary with the court, and can tax it against either or both the parties. We think this section as to court cost in the chapter of bonding attorneys has reference to validation of bonds where there is no contest. While the statute is not clear, it occurs to us that this is a reasonable rule. Certainly the statute would not require the payment of the cost by the district on an appeal by contestants, when the case was affirmed.

We most respectfully submit that this motion to tax cost against the Silver Creek separate school district should be overruled and taxed against appellants.

ETHRIDGE, J., delivered the opinion of the court.

This was a proceeding to validate bonds issued by the appellee district under chapter 28, Laws of 1917 (Extra Sess.), and from the judgment of the chancery court confirming and validating the bonds this cause was appealed and was on a former day affirmed. The appellants now move the court to tax the costs against the appellee district under section 5, chapter 28, Laws of 1917 (Extra Sess.), which reads as follows:

"The court costs in all such cases shall be paid by the county, municipality or district proposing to issue said bonds, and in addition to such costs, it shall also pay to the bond attorney a fee of not more than one-tenth of one per cent., provided said fee shall not be less than twenty-five dollars nor more than one hundred dollars, of the amount of the bonds issued or proposed to be issued. The payment of this fee shall be full compensation for all legal services rendered in connection with the issuance of said bonds."

This chapter 28, Laws of 1917 (Extra Sess.), is a legislative scheme by which the validity of the bonds in cases therein provided for may be promptly determined on proceedings therein provided for being complied with. It provides, in substance, that when any county, municipality, school district, road district, drainage district, or subdivision, authorized to issue bonds, shall take steps to issue bonds for any purpose, that a certified copy of all papers and transcripts, minutes of the board, etc., shall be certified to the state bond attorney for his opinion as to the validity of said bond issue, and that such attorney shall examine the proceedings and suggest any additional steps or proceedings that are necessary to make said bonds legal and valid, or, if in his opinion they are valid, to so certify to the proper board, whereupon the cause shall be docketed in the chancery court and the chancellor notified, who upon being so notified shall fix a time and place

for hearing and cause notice to be published of such hearing, and that on the day fixed for the hearing any taxpayer of the county, municipality, or district may file objections and the chancellor shall hear and determine the matter, and if either party shall be dissatisfied with the decree of the chancellor, an appeal shall be granted as in other cases, provided appeal be provided for within ten days thereafter. It further provides that if the chancellor entered a decree confirming and validating said bonds and there shall be no appeal by either party from the decree, or if on appeal the supreme court enters its decree confirming and validating such bonds, the validity of the bonds so issued shall be forever conclusive against the county, municipality, or district issuing the same, and that the validity of such bonds shall never thereafter be called in question in any court of this state. That the bonds shall be stamped "validated and confirmed by decree of the chancery (or supreme) court," with date of the rendition of the final decree, which entry shall be taken as evidence of the validation of said bonds in any court in this state. Then follows section 5, above quoted.

In the case of *Lincoln County* v. *Wilson*, 125 Miss. 837, 88 So. 516, which was a case validating bonds as here, in which the county was the appellant, the motion was made and sustained to tax the county with the cost of the proceeding, though this fact does not appear in the report.

It seems to be the purpose of the legislature to invite litigation speedily in such cases and have the issue finally determined as to whether the bonds were valid, and it seems to have been the purpose of the legislature to make the county, municipality, or bonding district pay the cost of such proceedings. Unless such was the purpose, section 5 of said chapter 28, Laws of 1917, would be a needless section because other statutes governing the taxation of costs in other cases are already in the statutes.

We therefore are of the opinion that the motion should be and is hereby sustained.

*Sustained.*