KING *et al.* v. BOARD OF SUP'RS OF PONTOTOC COUNTY.

(Division A. Nov. 19, 1923.)

[97. So. 811. No. 23665.]

1. CONSTITUTIONAL LAW. *Schools and school districts. Statute au-
    thorizing organization of consolidated school districts not un-
    constitutional as violative of due process.*

    Chapter 124, Laws 1910, as amended by chapter 255, Laws 1912,
        chapter 196, Laws 1914, and chapter 180, Laws 1916, being the
        statute authorizing the county boards of education to organize
        consolidated school districts, is not violative of the due process
        clause of the Constitution (Constitution 1890, section 14), in
        that it does not provide for notice to and hearing of the tax-
        payers of such districts.

2. SCHOOLS AND SCHOOL DISTRICTS. *Consolidated school district cannot be composed of less than two rural school districts.*

Under chapter 124, Laws 1910, as amended by chapter 255, Laws 1912, chapter 196, Laws 1914, and chapter 180, Laws 1916, a consolidated school district cannot be composed of less than two rural school districts, and the resolution of the board of education establishing such consolidated school district must affirmatively so show, and if it does not the action of the board in establishing such district is void.

APPEAL from chancery court of Pontotoc county.
HON. A. J. MCINTYRE, Chancellor.

Proceedings by the board of supervisors of Pontotoc county to validate a bond issue, wherein W. J. King and another filed objections as taxpayers. From a decree of validation, objectors appeal. Reversed and remanded.

*Mitchell & Mitchell,* for appellants.

The whole scheme of the law with reference to consolidated school districts is unconstitutional in that it deprives the citizen of his property without due process of law. No valid order of the county school board is shown establishing the Hoyle consolidated school district.

It is true that the constitutionality of the acts in question has been presented to this court before and the act held constitutional; yet the question presented in this case, that the scheme is unconstitutional in that it deprives the citizen of his property without due process of law, has never been presented to the court.

When notice of an election to be held in Hoyle consolidated school district was published, these appellants had no reason to suspect that they were in said district, or that their property was involved therein, and before they knew anything, whatever, about their property being placed within said district the election was held and the bonds voted in.

We know of no other scheme where financial obligations are placed upon the people through governmental agencies

without in some way-giving the people notice of the proceedings, and an opportunity to be heard. We submit that this record shows that no valid order was made by the county school board in attempting to establish the Hoyle consolidated school district.

As implied by the terms themselves, and as construed by this court in the case of *Walton School* v. *Covington County,* 75 So. 833, 115 Miss. 117, a consolidated school district can only be created by combining two or more already existing schools. In no proper sense could a consolidated school district be created by simply adding more territory to an existing school, or creating a new school out of part of the territory of one or more other schools and leaving such other schools still functioning. It was clearly the purpose of the law in providing for the special privileges of consolidated schools' that there should be a reduction of the number of schools in the establishment of the consolidated schools as an economical proposition.

In order for there to have been a valid order establishing a valid school district, the record must affirmatively show that two or more schools already existing were combined to make the consolidated school.

*Fontaine & Fontaine,* for appellee.

The county board of education is a municipality, an arm of the government, and is empowered by statute to create school districts, and consolidated school districts without notice, and its acts in so doing are legislative, like a town, or city, extending its corporate limits, which can be done without notice, even over objection of parties sought to be included in such extension, although taxation is incident thereto. *Forbes* v. *Meridian,* 86 Miss. 243.

And moreover it has been held by this court in the case of *Walton School et al.* v. *Board of Supervisors of Covington County,* 75 So. 833, as follows: "In so far as the constitutionality of the act is concerned, we think, that

this court settled the constitutionality of the consolidated school law in the case of *Bufkin* v. *Mitchell,* 106 Miss. 253, 63 So. 458."

That county board of education could establish a consolidated school district as well after the first day of August, as before. See *State ex rel. Collins, Attorney General,* v. *Watts,* 78 So. 515.

The county board of education at its meeting held on the 14th day of August, 1922, made and entered the following order, to-wit: "The Hoyle consolidated school district was established after examining a petition for same containing the majority of the names of the qualified electors of the proposed territory . . ."

The said order of the county board of education so entered at its meeting on the said 14th day of August, 1922, was a valid order, and showed upon its face all necessary jurisdictional facts.

That a consolidated school district established by the county board of education is a part of the government, a *quasi*-municipal corporation, has been repeatedly held by this court. And the Hoyle consolidated school district being such, the regularity of its formation and organization cannot be called into question in this proceeding, but it must be presumed to be legally organized and existing, and its existence can be inquired into only in direct proceedings. *Dye et al.* v. *Brewton, Mayor,* 80 So. 761.

The organization and establishment of the district cannot be inquired into, even though such inquiry would reveal fraud, which renders that into which it enter null and void, and therefore show that no district had been created. *Lincoln County* v. *Wilson,* 88 So. 516.

ANDERSON, J., delivered the opinion of the court.

This was a proceeding under the bond validation statute (chapter 28, Laws 1917), to validate the bonds of Hoyle consolidated school district in Pontotoc county,

which bonds were, when said proceeding was begun, in process of issuance and sale by the board of supervisors of that county. Appellants, taxpayers of said consolidated school district, filed in accordance with section 2 of said act objections to the issuance of said bonds. There was a hearing before the chancery court and a decree rendered under said act validating said bonds, from which appellants prosecute this appeal.

Appellants urge two grounds for the reversal of the decree appealed from—first, that the statute (chapter 124, Laws 1910, as amended, chapter 255, Laws 1912, chapter 196, Laws 1914, and chapter 180, Laws 1916) authorizing county boards of education to organize consolidated school districts is unconstitutional because violative of the due process clauses of the Federal and state Constitutions; and, second, that the order of the county board of education organizing the consolidated school in question is void because it fails to show affirmatively that said district was composed of two or more rural school districts.

The constitutionality of the statute in question was upheld in *Bufkin* v. *Mitchell,* 106 Miss. 253, 63 So. 458, 50 L. R. A. (N. S.) 428, and *Walton School* v. *Covington County,* 115 Miss. 117, 75 So. 833, but we thought it might be well to undertake to further elucidate the question of its constitutionality—the exact question here not being involved in either of those cases.

The powers conferred by said statute upon the county boards of education to organize consolidated school districts are not judicial powers in the sense that due process is required for those thereby affected. Such proceedings are administrative in character. The organization of road districts, drainage districts, stock law districts, school districts, and the like may be done by the legislature directly, or the power delegated by legislative act to some administrative board, and notice thereof to the taxpayers of such districts is not required by the Constitution. Such a proceeding is only the first step which may or may not lead to burdening the property of the district being

organized with taxes. They are not proceedings to accress the property of the district for taxes, although that may result ultimately. It was held in *Monroe County* v. *Minga,* 127 Miss. 702, 90 So. 443, that it was competent for the legislature under the Constitution to authorize boards of supervisors to issue the bonds of a consolidated school district without notice and without an election; that due process had no application. We are therefore of opinion that this statute did not deprive appellants of due process.

The resolution of the county board of education does not affirmatively show that the ten and one-half sections constituting the consolidated school district in question was composed of two or more rural school districts. The resolution is simply silent as to this. It recites that a petition containing a majority of the qualified electors of the proposed district was filed (not required by the statute), and the prayer of the petition granted, and after describing the district by metes and bounds, showing a district composed of ten and one-half sections, the resolution declares that it shall constitute the Hoyle consolidated school district, the school building to be located at Hoyle, a voting precinct in said district. Appellee relies on *Lincoln County* v. *Wilson,* 125 Miss. 837, 88 So. 516. The resolution of the board of education creating the consolidated school district there involved recited that the district was composed of two rural school districts. It was sought to show by parol testimony that that recital was untrue; that in fact the territory contained in the district had previously constituted only one rural school district. In passing on the question the court used this language:

"Where, in a case like this, the district for which the bonds are to be issued was organized by one authority, and the bonds issued by another and different authority, under this statute there can be no inquiry into the legality of the formation of the district beyond what the record shows on its face; for that question only arises collater-

ally.   If, therefore, according to the face of the proceedings before the board of education, there is a valid consolidated school district, that is the end of the inquiry. It is inconceivable that the legislature intended by this bond validation statute to open up for review by the chancery court not only the proceedings to issue bonds had by the authority issuing them, but, in addition, the legality of the organization of the district for which the bonds are issued, where the district is organized by one authority and the bonds issued by another.   If this were true in a proceeding to validate county or municipal bonds of any character under this statute, the validity of the organization of the county or municipality could be inquired into.

"This is analogous to the question involved in *Dye et al.* v. *Town of Sardis,* 119 Miss. 359, 80 So. 761.   In that case there was a collateral attack on the bonds of the Sardis separate school district because it was contended that the district was illegally organized.   This court held that the separate school district had been created under legislative authority and had become an instrumentality of the government for school purposes.   That being an arm of the state government, the legality of the organization of the district could not be attacked collaterally.

"The proceedings of the board of education are valid on their face.   They show a legal consolidated school district with the required territory.   This being a collateral attack on the organization of the district, it follows, even if it be true that the district was fraudulently organized, that fact cannot be considered for the reasons stated."

The court did not hold in that case, as will be observed, that it was not necessary for the resolution of the board creating the district to show on its face that the district created was composed of at least two rural school districts.   Was it necessary for the resolution to affirmatively show that?   This question we think is answered in the affirmative by *Adams* v. *Bank,* 103 Miss. 744, 60 So. 770; *Boutwell* v. *Jasper County,* 128 Miss. 337, 91 So. 12.   There

could be no consolidated school district under the statute except by combining two or more rural school districts. This was a fundamental requirement, and, the resolution of the board failing to affirmatively show it, the district is void.

Reversed and remanded.