WILLIAMS *et al. v.* BOARD OF SUP'RS OF DE SOTO COUNTY.*

(Division B. April 20, 1925. Suggestion of Error Overruled May 11, 1925.)

[103 So. 812. No. 24758.]

JUDGMENT. *Judgment in taxpayers' action against governing board of county or municipality is res adjudicata of subsequent action by other taxpayers involving same questions.*

A taxpayer's action against the governing board of a county or municipality involving questions of general interest to taxpayers, prosecuted without collusion and in good faith, are binding upon

all taxpayers concerned as fully as if they had been made actual parties to the proceeding. And the judgment rendered in such a cause is *res adjudicata* of a subsequent action by other taxpayers involving the same questions.

---

*Headnote 1. Judgments, 34 C. J., Section 1459.

APPEAL from chancery court of De Soto County.
HON. J. G. McGOWEN, Chancellor.

Suit by A. D. Williams and others against the board of supervisors of De Soto county. From judgment for defendants, complainants appeal. Affirmed.

*Flowers, Brown & Hester* and *E. O. Sykes,* for appellants.

The answer of the board says that this matter is *res adjudicata,* that these complaints are bound by former adjudications of this court, in the two cases of *Dean et al.* v. *The Board of Supervisors,* the first case reported in 120 Miss. 334, the second case reported in 135 Miss. 268. Both of those cases were mandamus suits brought in the circuit court by Dean and the others for the purpose of compelling the board of supervisors to issue the bonds of this district. In neither of these cases were any of the complainants in the present suit parties to the litigation, and we contend and hope to show the court that they were not privies to the litigation and, consequently, are not bound by the doctrine of *res adjudicata* nor the doctrine of the law of the case.

These complainants (appellants here) were not parties to those two suits. The real question here is, were they privies in those two suits and therefore bound by the doctrine of *res judicata?* True it is that they are taxpayers in this void district. In no sense of the term were they privies to Dean and the other individuals who instituted the mandamus proceedings. There was no sort of privity between them. We think this question does not require consideration at our hands. In fact,

we do not expect counsel for appellee to make any such contention. But the real question is: Was the board of supervisors the representative of these present appellants in the sense of the term by which they would now be included as being privies because of their representation by the board of supervisors. This is the vital question in the case relating to *res adjudicata.* In considering this question, it is very important to bear in mind that the action of the board of supervisors in this matter was as the representative of the separate road district, not as the representative of the ordinary county affairs. This distinction is vital and controlling in the determination of this question. A very interesting note upon this question by Judge ROSE is found in 105 Am. St. Rep. 208. A condition precedent to the board becoming the agent of the taxing district and its inhabitants, is the valid organization of the taxing district. The board never became the constituted representative or agent of the taxpayers of this separate road district because the order organizing the district is utterly and absolutely void. See *Brooks et al.* v. *Board of Supervisors of Simpson County,* 102 So. 777.

Under these two decisions we confidently assert that if the process of the board be void, and that, if the judgment of the board be also void, these complainants, on these two void papers, were never brought into court. These proceedings are in the nature of both proceedings *in personam* and proceedings *in rem.* The land is brought in through the owner, consequently the court never acquired jurisdiction either of the person, or of the land of these complainants, until the voluntary filing of this suit by them. See *Bryant* v. *Board of Supervisors,* 98 So. 148; *Bookout* v. *Board of Supervisors,* 103 Miss. 417.

We submit that before the board of supervisors can be their agent these appellants must have due process of law; they must be brought into court by valid process. Since this was not done, they were not privies to either

of the mandamus suits and the doctrine of *res judicata* does not apply to them.

The second opinion of the Dean case, by Judge ANDERSON in 135 Miss. 268, decides that since Dean and the other appellants were parties to the first mandamus suit, the doctrine of *res adjudicata* applies in this second suit, for the reason that the question as to the validity of the organization of the district was necessarily before the court and is *res adjudicata* as to these same parties. We understand this case, inferentially at least, to hold that were this not true, then under the *Borroum case,* 131 Miss. 778, and under the *Bryant case,* 98 So. *supra,* the court would have held the organization of this district void. We do not understand the opinion of Judge ANDERSON to question in any way the soundness of the opinions in the *Bryant* and the *Borroum cases, supra,* but merely to hold that as to Dean and the other parties the question is *res adjudicata,* under which doctrine black sometimes becomes white and straight lines crooked.

We therefore submit that in this case these appellants have never before been in court, that they were not brought into court by due process of law by the void orders of the board of supervisors above referred to, that they did not voluntarily come into court in the mandamus proceedings; and that, therefore, neither Dean and the others represented them, nor did the board of supervisors represent them, and therefore, the doctrine of *res adjudicata* cannot be invoked against these appellants.

We close this portion of the brief with a quotation from the opinion of Chief Justice MILLER in the case of *Brownsville* v. *Loague,* 129 U. S. 493, 32 L. Ed. 784. If we are mistaken in this, then we wish to join with our able associate Counsel and submit that the parallel they have drawn in the *Brewer-Browning case,* 107 Miss. 729, and 115, Miss. 538, and the present litigation over this road district is striking.

*Holmes & Bowdre,* also for appellants.

## I.

THESE COMPLAINANTS ARE NOT BOUND BY THE RULE RES ADJUDICATA, AND THESE COMPLAINANTS ARE NOT PARTIES TO THE FORMER LITIGATION. "A decree *in rem* is binding upon nonresident parties by reason of the constructive notice given them through the seizure of the property." *Hollingsworth* v. *Barbour,* 4 Pet. 466.

The taxpayers of a road district are put on notice that their lands are situated in said taxing district by having a district created which lies wholly and entirely within the jurisdiction of the board of supervisors, who create said road district. Then notice by publication is given, according to the statute in such cases provided. In a proceeding *in rem* would publication bind lands which lie outside the jurisdiction of the board of supervisors who create the road district? Then if part of a road district lies out of the territory or jurisdiction of the board of supervisors, are the lands that lie within the jurisdiction of the board of supervisors and which are a part of said road district held to be within the control of the board of supervisors? In other words notice cannot be imparted to the taxpayers in a proceeding *in rem* unless the whole *res* has a *situs* within the territorial jurisdiction of the board of supervisors who create a road district.

It may be possible that the board of supervisors could be bound under the rule *res judicata* because the mandamus operated on said board personally, but we do not think that the board in such an instance can bind the taxpayers as parties by representation. The *situs* of the district itself and the notice by publication determines whether the board can bind the taxpayers of the district. The creation of a road district is a proceeding *in rem* and binds only the lands. If this were a county-wide matter, then the board of supervisors, rightly or wrongly, could possibly bind all the taxpayers of the

county but the only authority the board has to bind tax-payers of a proposed road district is predicated on the fact that the board has acquired full jurisdiction of the *res,* and that the notice by publication has described a *res* or district which lies wholly within the territorial jurisdiction of the board.

*Burch, Minor & McKay* and *R. L. Dabney,* for appellees.

*Dean* v. *Board,* 135 Miss. 268, was a suit by certain interested citizens on behalf of themselves and all others interested to compel the board of supervisors to issue the bonds of this road district. The present brief for appellants—setting up the same argument and on the same record—is nothing more than a belated suggestion of error.

It is true that there are authorities indicating that where one plaintiff belonging to a numerous class brings an action on behalf of himself and all others of the class who expressly or impliedly recognized the representation judgment in such action is binding on them, but is not binding on those who do not participate. See 23 Cyc. 1246. These authorities, however, are few and do not refer to such a case as we have here, but refer to cases in which there is a class of beneficiaries under a will, or a general mortgage, or similar instrument. None of the cases cited in that connection apply to suits by one citizen on behalf of himself and other taxpayers against a public body and involving a public matter. And all such cases make an express exception as to proceedings *in rem.*

However, even in case of a class of beneficiaries under a will, or similar instrument, the courts seem inclined to hold the remainder of the class bound by a decision for or against one of their class particularly where the members of a class not actual parties to the case are quiescent. *Johnson* v. *De Pauw University,* 116 Ky. 671.

A decision of the supreme court determining the validity of municipal bonds rendered in a suit by a taxpayer on behalf of himself and all others similarly situated to restrain the city from issuing certain bonds is, in the absence of fraud, conclusive of their validity, in a subsequent action by another taxpayer to restrain the city from paying thereon. In such a case an appellate court will take judicial notice of its own proceeding in a prior case. *Stallcup* v. *Tacoma,* 13 Wash. 141.

The case of *Sabin* v. *Sherman,* 28 Kan. 289, was a bill to enjoin certain county commissioners from canvassing the vote and declaring the result of a county site election. It was shown by the defendants that another citizen suing in the same capacity had undertaken to maintain a similar bill, but the case, after a hearing, had been decided against him by the district court and its holding was affirmed. The court held that the prior judgment was a bar in the later suit.

Where a bill is filed to enjoin the issue and sale of municipal bonds on the ground of alleged invalidity of the ordinance authorizing their issuance and of the bonds themselves, under the law, and such injunction is dissolved on the merits, such order of dissolution will bar a subsequent bill seeking an injunction against the collection of a tax levied to pay interest on such bonds. *Gallaher* v. *Moundeville,* 34 W. Va. 730. See also *Ashton* v. *Rochester,* 133 N. Y. 187, *Ashton* v. *Rochester,* 113 N. Y. 193.

Reply to Brief of Mr. Flowers. The brief discusses a single proposition—that the two prior judgments are not *res adjudicata* as to these appellants because appellants were not parties to those cases. After the case of *Dean* v. *Board,* 135 Miss. 268, had been argued orally and by brief, the court asked for additional argument on three questions, one of which was this: "Is a judgment for or against a taxing district brought by anyone of the taxpayers of the district and which adjudicates matters of general interest to the whole dis-

trict conclusive as to matters adjudicated for or against all of the taxpayers of the district.''

An affirmative answer is clearly and emphatically given by the following cases: *Dean* v. *Board,* 135 Miss. 268; *City* v. *Walker,* 154 Ala. 252; *People* v. *Harrison,* 253 Ill. 525; *Scotland County* v. *Hill,* 112 U. S. 183; *Ashton* v. *Rochester,* 133 N. Y. 193; *Sauls* v. *Freeman,* 24 Fla. 223; *Stallcup* v. *Tacoma,* 13 Wash. 141; *Sabin* v. *Sherman,* 24 Kans. 289; *Gallaher* v. *Moundeville,* 34 W. Va. 720.

In response to these cases our learned friend cites not a single authority. He discusses merely three or four Mississippi cases which do not involve the question of *res adjudicata* in the remotest way. He also quotes a footnote found in 105 Am. St. Rep. 208. When it is borne in mind that the questions adjudicated in 120 Miss. 320, and 135 Miss. 268, involve purely the validity of the organization of this district and not its relation to any particular individual therein, the note in 105 Am. St. Rep. is confirmatory of our position.

Argued orally by *J. N. Flowers* and *J. H. Bowdre,* for appellant, and *H. D. Minor,* for appellee.

ANDERSON, J., delivered the opinion of the court.

This is the third appearance of this cause in this court. The first appeal is reported in *Board* v. *Dean,* 120 Miss. 334, 82 So. 257, and the second under the same style in 135 Miss. 268, 99 So. 563. The only material difference in the cases is that the present case has new parties. It was brought by other taxpayers of De Soto county than those named as parties in either of the other cases. The new taxpayers filed this bill in the chancery court of De Soto county against the board of supervisors of that county, attacking anew and upon the same grounds they were attacked in the former cases the proceedings had in the formation of the road district in question. Ap-

pellants, the complainants in the court below, contend that the judgments heretofore rendered in the cause in those cases are not *res adjudicata* of their rights, that they were not parties thereto, and the judgments rendered therein are therefore not binding on them.

We deem it only necessary to say that both of the former cases as well as the present case involved the same cause, and each involved a public question. They were strictly public suits. It is true that the parties actually named as such were the board of supervisors on the one side and certain taxpayers on the other. Nevertheless all other taxpayers concerned were parties on one side or the other by representation according as their interest appeared to them. Actions of this character are governed by the principle that a taxpayer's suit against the governing board of a county or municipality involving questions of general interest to taxpayers prosecuted in good faith are binding upon all taxpayers as fully as if they had been made actual parties to the proceeding. Freeman on Judgments (4th Ed.) par. 178, 2 Van Fleet's Former Adjudication, pars. 569-570. There must be an end to litigation. A different set of taxpayers in a cause of this character will not be permitted to successively, by new and different actions, attack former adjudications of the same questions on the ground that they were not parties thereto. All taxpayers are affected with notice of the pendency of public suits of this character. They are parties thereto whether they would be or not; provided, of course, always such suits are prosecuted without collusion and in good faith.

*Affirmed.*