VON ZONDT *et al. v.* TOWN OF BRAXTON *et al.**

(Division A.   Feb. 13, 1928.)

[115 So. 557.   No. 26929.]

1. SCHOOL AND SCHOOL DISTRICTS. *Decree validating bonds of separate school district held conclusive against collateral attack on validity of order creating district (Hemingway's Code 1927, section 4176 et seq.).*

A decree pursuant to Laws Extra Session 1917, chapter 28 (Hemingway's Code 1927, section 4176 et seq.), validating bonds issued by separate school district, is conclusive in any subsequent proceeding wherein validity of bonds is called in question against any collateral attack on validity of order on which taxing district was created.

2. JUDGMENT. *Decree validating school bond issue in taxpayers' proceeding held res judicata as to subsequent attack by different taxpayers (Hemingway's Code 1927, section 4176 et seq.).*

Where, in proceeding under Laws Extra Session 1917, chapter 28 (Hemingway's Code 1927, section 4176 et seq.), for validity of bonds issued by separate school district certain taxpayers appeared and objected to issuance of bonds and legality of creation of such district was therein litigated, the decree therein was *res judicata* as to subsequent collateral attack by different taxpayers.

3. JUDGMENT. *Judgment on any question actually litigated and determined is res judicata in second action between same parties or their privies.*

In a second action between same parties or their privies, although cause of action may be different, judgment in first action is *res judicata* in second as to any point or question actually litigated and determined in the first.

*Corpus Juris-Cyc. References: Judgments, 34CJ, p. 869, n. 55; p. 1029, n. 67; Schools and School Districts, 35Cyc, p. 995, n. 30 New; Adjudication of question in former suit as conclusive of same question in later suit, see 15 R. C. L. 974; 3 R. C. L. Supp. 513; 4 R. C. L. Supp. 1028; 6 R. C. L. Supp. 940.

Appeal from chancery court of Simpson county.

Hon. T. P. Dale, Chancellor.

Suit by G. V. Von Zondt and others against the town of Braxton and another. Decree of dismissal, and complainants appeal. Affirmed.

Argued orally by *W. M. Lofton,* for appellant, and *J. P. Edwards,* for appellee.

Smith, C. J. This is an appeal from a decree dismissing an original bill. The bill was filed by the appellants against the town of Braxton and its tax collector, alleging that the tax collector was about to sell certain real property owned by the appellants for taxes thereon levied for the support of the public schools of the Braxton separate school district and for the payment of interest on bonds which had theretofore been issued by the district; that the order by which the district was originally created, and a second order by which its limits were extended, are void, for the reason that they fail to disclose the necessary jurisdictional facts. The prayer of the bill was that the tax collector be enjoined from selling the land for the collection of the tax. The original bill was twice amended. The first amendment alleged that the tax collector had sold the land for the school taxes claimed to be due thereon, that it had been purchased at the tax sale by J. V. Magee; and prayed that Magee be made a party defendant to the bill, and that the deed executed to him by the tax collector be canceled. The second amendment alleged that negotiable bonds for the support of its schools had been issued by the district, and were now in the hands of persons to complainants unknown, and prayed that these unknown holders of the bonds be made defendants to the bill by publication, and that the bonds be canceled and declared void, in so far as they affect the rights here asserted by the complainants. Publication was made in accordance with the prayer therefor.

One of the defenses relied on by the appellees here and in the court below is that, before the bonds were issued, they were validated by a decree of the chancery court under the provisions of chapter 28, Laws Extra Session 1917 (Section 4176 et seq., Hemingway's 1927 Code).

The contention of counsel for the appellants is that the decree validating the bonds does not preclude the appellants from here challenging the validity of the orders by which the school district was organized and its limits extended, for the reason that the statute on which the decree is based presupposes a legally created taxing district, and does not authorize the court, in validating the bonds, to inquire into the legality of the organization of the taxing district.

In *Lincoln County* v. *Wilson,* 125 Miss. 837, 88 So. 516, and *King* v. *Board of Supervisors of Pontotoc County,* 133 Miss. 494, 97 So. 811, the question here raised by counsel for the appellants was decided against them, in so far as it applies to the case presented by this record. In both of these cases, the court held that, in a proceeding, under chapter 28, Laws Extra Session 1917 (section 4176 et seq., Hemingway's 1927 Code), to validate bonds issued by a taxing district, it must appear from the record thereof that the order by which the taxing district was created is valid. In other words, these cases hold that, in a proceeding to validate bonds issued by a taxing district, the validity of the creation of the district may be inquired into to the extent, and no further, that is allowed on a collateral attack. Before the court, in which the proceeding to validate the bonds here in question was brought, could validate them, it was necessary for it to decide that it appears from the record made when the district was created that the laws governing the creation of such districts were complied with. It follows, therefore, that a decree validating bonds issued by a taxing district is conclusive in any subsequent proceeding wherein the validity of the bonds is called in

question against any collateral attack on the validity of the order by which the taxing district was created. The attack here on the validity of the order creating the taxing district, and of the order by which its limits were extended, is collateral, and therefore inadmissible under the cases hereinbefore cited.

One other question probably remains. The bill alleges that the tax for the collection of which the property was sold was levied in part for the payment of interest on the bonds, and in part for other needs of the district; the amount of the tax levied for each of these purposes not being disclosed. Assuming, but solely for the purpose of the argument, that the sale of the land would be invalid, if the tax for which it was sold was invalid in part, a question then here arises: Does the decree in which the proceedings by which the bonds were validated preclude the appellants from challenging the validity of the orders by which the school district was created, in order to show that the tax levied by the district for school purposes, other than the payment of interest on its bonds, is invalid?

It may be that the legislature intended, by the statute providing for the validation of bonds issued by a taxing district, that the validity of a district issuing bonds should not be called in question in any judicial proceeding after the bonds issued by it had been validated; but is not necessary for us to here so hold in order to affirm the decree of the court below.

The proceeding by which these bonds were validated was between certain taxpayers who objected to the issuance of the bonds, on the one side, and the taxing district, on the other, and one of the questions here litigated and determined was whether or not the taxing district, by the record of its creation, appears to have been legally created. The taxpayers who there appeared and objected to the issuance of the bonds represented all of the taxpayers in the district, and any adjudication against

or in favor of the district there made was binding on all the taxpayers of the district, irrespective of whether or not they actually participated therein. *Williams* v. *Board of Supervisors,* 139 Miss. 78, 103 So. 812.

The cause of action may here be, and we will assume is, different from the one in the case wherein the bonds were validated; nevertheless the judgment there rendered is *res adjudicata* here, for the rule is that, in a second action between the same parties, or their privies, although the causes of action may be different, the judgment in the first action is *res judicata* in the second as to any point or question actually litigated and determined in the first. 15 R. C. L. 973; 34 C. J. 868; *The Y. & M. V. R. R. Co.* v. *Sibley,* 111 Miss. 21, 71 So. 167; *Miller* v. *Bulkley,* 85 Miss. 706, 38 So. 99.

*Affirmed.*