BANK OF COMMERCE & TRUST CO. *v.* COMMISSIONERS TAL-
LAHATCHIE DRAINAGE DISTRICT NO. 1 *et al.*

(Division A.   Dec. 14, 1931.)

[138 So. 558. No. 29626.]

See also, 157 Miss. 336, 128 So. 91.

**Julian C. Wilson** (of **Wilson, Gates, & Armstrong**), of Memphis, Tenn., for appellant, Bank of Commerce.

Watkins, Watkins & Eager, of Jackson, for appellees.

Watkins, Watkins & Eager, of Jackson, and **Jno. M. Kuykendall,** of Charleston, for appellees.

**Richard Denman,** of Greenwood, and **J. J. Breland,** of Sumner, for appellees.

Caldwell & Caldwell, and **J. M. Kuykendall**, of Charleston, for appellees.

**Gardner, Odom & Gardner,** all of Greenwood, for appellees.

W. E. Stone, of Charleston, and May, Sanders, McLaurin & Byrd, of Jackson, for appellees.

Argued orally by **Julian C. Wilson,** for appellant, and by **W. H. Watkins,** for Intermediate Landowners, and by **J. M. Kuykendall,** for appellees.

**Smith, C. J.,** delivered the opinion of the court.

In 1914 an attempt was made to organize a very large drainage district known as the Yocona-Tallahatchie drainage district No. 1. The orders by which the district was attempted to be organized were declared void in McLemore v. Drainage District, 129 Miss. 97, 91 So. 390. Afterwards Tallahatchie drainage district No. 1, embracing a part of the land attempted to be included in the Yocona-Tallahatchie drainage district No. 1, was organized, and it purchased from the Yocona-Tallahatchie

drainage district No. 1 the maps and specifications of drainage improvements which the latter district had intended to make in the territory embraced in the Tallahatchie drainage district No. 1.

For reasons not disclosed by the record, and of no moment here, the construction of the proposed drainage district improvements by the Tallahatchie drainage district No. 1 was abandoned, and, on the failure of the district commissioners to pay for the plans and specifications, suit therefor was brought in the circuit court; the commissioners of the Yocona-Tallahatchie drainage district No. 1 being the plaintiffs, and the commissioners of the Tallahatchie drainage district No. 1 being the defendants. This suit resulted in a judgment for the plaintiffs, which was affirmed on appeal to this court. Tallahatchie Drainage District No. 1 v. Yocona-Tallahatchie Drainage District No. 1, 148 Miss. 182, 114 So. 264. That judgment was assigned by the judgment cred itor to the Bank of Commerce & Trust Company.

Section 4, chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914, and further amended by chapter 159, Laws of 1918, provides that: "In the event . . . the improvements [referring to such as are con templated for a drainage district] shall . . . be abandoned, for any cause, after such indebtedness [referring to the preliminary expenses incurred before the assessment of benefits to the land in the district] is incurred, the board of supervisors of the county in which the drainage district is located shall levy an acreage tax, or an ad valorem tax, on the lands in said proposed drainage district to pay such indebtedness. If an ad valorem tax be levied, the board of supervisors may use for that purpose the assessments of the land of the last sssessment roll of the county in which said lands are situated; and in case the lands in the proposed district lie in more than one county, then the chancellor, aforesaid, shall apportion said indebtedness between the several counties,

and the board of supervisors of the several counties shall thereupon levy such apportioned tax upon the lands of their counties respectively, according to the ruling of the said chancellor.''

No assessment of benefits was here made, and the land composing the Tallahatchie drainage district No. 1 was in several counties. A petition was filed by the Bank of Commerce & Trust Company, the assignee of the judgment against the district, in the proper chancery court, praying that the indebtedness evidenced thereby be apportioned among the several counties composing the district, and that the boards of supervisors thereof be directed to levy a tax for the payment thereof.

A demurrer to this petition was sustained and the petition was dismissed; but on appeal to this court the decree was reversed. On the return of the case to the court below, a decree was rendered apportioning the indebtedness evidenced by the judgment among the various counties, and directing the boards of supervisors thereof to levy an acreage tax for the payment of the judgment as apportioned. The decree, after reciting ''that it would work an unusual hardship at this time to order the said payments made and tax levied therefor all in one year,'' divides the amount to be paid in ten annual installments, and directs the levy of a tax each year sufficient for the payment of the installments then due.

The Bank of Commerce & Trust Company has appealed from this decree, and assigns for error the order to the boards of supervisors (a) to levy an acreage tax instead of an ad valorem tax; and (b) to spread the collection of the tax over a period of ten years.

Cross-appeals were then taken by the Tallahatchie drainage district No. 1, and by a number of landowners who by order of the court had been made parties to the proceeding by publication.

The cross-errors assigned challenge the validity of the judgment rendered in the case of Yocona-Tallahatchie Drainage District No. 1, on the ground that it, and section 1, c. 159, Laws of 1918, under which the judgment was obtained, violate section 14 of the State Constitution, and the due process provision of the Fourteenth Amendment to the Federal Constitution, in that it was rendered without, and the statute, as construed by this court, does not require, notice to the landowners of the district, on whom the burden of payment rests.

Should the decree of the court below be reversed on the cross-appeal, the petition would be dismissed, thereby eliminating any necessity for the consideration of the questions presented on the direct appeal. The cross-appeal will therefore be first considered. This opinion will be strictly limited to the questions which counsel for the cross-appellees say are presented for decision on that appeal, and must not be understood as deciding any other question that might arise thereon.

The entire argument of counsel for the cross-appellees, as we understand their brief, centers around, and is addressed solely to, the proposition that the judgment rendered in the case of Tallahatchie Drainage District No. 1 v. Yocona-Tallahatchie Drainage District No. 1 is void, for the reason that the landowners in the district, on whom the payment of the judgment will ultimately fall, were not made parties defendant thereto. This contention was ruled against the cross-appellees on the former appeal herein (157 Miss. 336, 128 So. 91), and we can add nothing to what was there said, except to emphasize the fact that the liability, vel non, of the Tallahatchie drainage district No. 1 to the Yocona-Tallahatchie drainage district No. 1 for the payment of the debt evidenced by the judgment was a question in which none of the landowners in the district had an interest different from that of the district, in its corporate capacity, or from that of any other landowner in the district.

We come now to the question presented by the direct appeal. On the former appeal herein, section 4, as amended by chapter 159, Laws of 1918, was construed to authorize the chancellor not only to apportion this judgment among the several counties composing the district, but also to determine whether when so apportioned the counties should pay their several parts thereof by an acreage tax or by an ad valorem tax. That construction of the statute is not here challenged, and therefore will not be reconsidered.

The chancellor heard the evidence as to which of these two methods of taxation would be here most equitable, and it is said by counsel for the appellants that he erred in deciding in favor of an acreage-tax.

The statute does not provide that the board of supervisors or the chancellor, as the case may be, shall levy or direct the levy of, an acreage tax or of an ad valorem tax, as the one or the other may be the more equitable in the particular case, but gives to both the absolute right of deciding which should be levied. The decision of the board of supervisors, or of the chancellor, as the case may be, as to which of the authorized methods of taxation should be adopted, is therefore not open for review.

But it is said by counsel for the appellants that this court, on the former appeal, directed an ad valorem tax to be levied. In this counsel are in error. As will appear from the opinion then rendered (157 Miss. 336, 128 So. 91), one of the objections urged against section 4, as amended by chapter 159, Laws of 1918, was that it authorized the levy of taxes without notice to the landowners. The court pretermitted any discussion of the necessity of notice to the landowners for the levy of an acreage tax, for the reason that it was clear the other, the ad valorem tax, could be valid without such notice. The court did say that an ad valorem tax "would appear to be more just to the landowner than a flat acreage tax," in which we concur; but, as hereinbefore said, that ques-

tion rests absolutely with the board of supervisors or the chancellor, as the case may be.

This brings us to the second and last contention of counsel for the appellant, which is that the chancellor erred in ordering an annual levy of an acreage tax over a period of ten years sufficient in the aggregate to pay the appellant's judgment. The power to tax, here under consideration, is conferred and measured by chapter 159, Laws of 1918, which provides that the "Board of supervisors . . . shall levy an acreage tax, or an ad valorem tax . . . to pay such indebtedness," not that the board of supervisors shall levy a succession of acreage taxes or ad valorem taxes over a period of years, to be determined by the board of supervisors, to pay such indebtedness. We must hold, therefore, that the statute confers no power to spread the collection of the tax over a period of years, but contemplates one levy and one collection thereof.

The line of cases invoked by counsel for the appellees, holding that where a court by mandamus, or mandatory injunction, requires the levy of taxes for the payment of a debt incurred by a taxing district, it may direct successive levies to be made over a number of years, if the equities of the situation so require, has no application here. The chancellor was not here exercising his general equity powers, but was sitting as a court of special and limited jurisdiction, with such power only as the statute confers upon him.

The judgment of the court below will be affirmed on cross-appeal, but will be reversed on the direct appeal, in so far as it directs the levy of the tax to be spread over a period of ten years, and a decree will be rendered here, as rendered below, with that provision eliminated therefrom.

Reversed on direct appeal, and decree here.