HOWIE *v.* PANOLA-QUITMAN DRAINAGE DIST. *et al.*

(Division A. Nov. 20, 1933. Suggestion of Error Overruled Jan. 1, 1934.)

[151 So. 154. No. 30772.]

Howie & Howie, of Jackson, for appellant.

390

Burch, Minor & McKay, of Memphis, Tennessee, for appellee.

James McClure, of Sardis, for appellees.

392

Argued orally by **Joe Howie** and **W. B. Fontaine**, for appellant, and by **H. D. Minor** and **James McClure**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to and dismissing an original bill of complaint.

The Panola-Quitman drainage district was created on January 4, 1923, under chapter 195, Laws of 1912, and the amendments thereto. On November 5, 1923, the land composing the district was assessed, in accordance with the statute, for the benefits accruing to it because of the formation of the district. Thereafter, negotiable bonds of the district were issued and sold in accordance with the statute, which bonds have not been paid.

The state and county taxes and drainage assessments on the land for 1929 were not paid, and on April 7, 1930, the sheriff and tax collector sold the land, in accordance

with law, to the appellant therefor. The state, county, and drainage assessments for 1930 were not paid, and on May 4, 1931, it was again sold therefor; the state becoming the purchaser thereof.

When the period for the redemption of the land from the sale to the appellant had expired, he received his tax deed thereto and offered to redeem the land from the sale in 1931 by payment of the state and county taxes for which it was sold. The chancery clerk declined to permit him so to do, unless he also paid the drainage taxes thereon, for the nonpayment of which the land was also sold to the state. This the appellant declined to do, and afterwards exhibited this bill of complaint against a number of known, and all unknown, persons interested therein, and prayed for a confirmation of his tax title, for the cancellation of any lien thereon for the payment of drainage assessments accruing since he purchased the land, and for an order directing the chancery clerk to permit him to redeem the land from the sale to the state by paying only the state and county taxes for which it was sold, which taxes he offered in his bill to pay.

No question of procedure or jurisdiction that might be here presented is raised by counsel for the appellees. The only question argued by them, and to which this opinion will be confined, is whether the appellant received the land under his tax deed freed from any lien for drainage assessments thereafter accruing thereon.

Chapter 195, Laws of 1912, and the amendments thereto by chapter 269, Laws of 1914, and chapter 303, Laws of 1926, were brought forward into the Code of 1930 as section 4448 et seq. Sections 3120 and 3256, Code 1930, which also appeared in the Code of 1906, are as follows:

"3120. Taxes, both state and county, assessed upon lands or personal property, shall bind the same, and be entitled to preference over all judgments, executions, encumbrances, or liens, whensoever created; and all taxes assessed shall be a lien upon and bind the property as-

sessed, from the first day of January of the year in which the assessment shall be made; and no property shall be exempt from distress and sale for taxes. And it shall not be necessary to the validity of an assessment, or of a sale of land for taxes, that it shall be assessed to its true owner; but the taxes shall be a charge on the land or personal property taxed, and the sale shall be a proceeding against the thing sold, and shall vest title in the purchaser, without regard to who may own the land or other property when assessed or when sold, or whether wrongfully assessed, either to a person, or to the state, or any county, city, town, or village, or subdivision of either.''

''3256. The tax collector shall on or before the first Monday of June transmit to the clerk of the chancery court of the county separate certified lists of the lands struck off by him to the state and that sold to individuals, specifying to whom assessed, the day of sale, the amount of taxes for which the sale was made and each item of cost incident thereto, and, where sold to individuals, the name of the purchaser, to be separately recorded by the clerk in books kept by him for that purpose. The said lists shall vest in the state or the individual purchasers thereof a perfect title to the land sold for taxes, but without the right of possession and subject to the right of redemption; but a failure to transmit or record a list, or a defective list shall not affect or render the title void. If the sheriff or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of twenty-five dollars, and also on his bond for the actual damages sustained. The lists hereinabove provided shall, when filed with the clerk, be notice to all persons in the same manner as are deeds when filed for record.''

Section 3273, Code of 1930, which also appeared in the Code of 1906, after setting forth the form of the tax deed to be executed to individuals purchasing at tax sales when land has not been redeemed therefrom within the statu-

tory period of two years, proceeds as follows: ''Such conveyance shall be attested by the seal of the office of the chancery clerk and shall be recordable when acknowledged as land deeds are recorded, and such conveyance shall vest in the purchaser a perfect title with the immediate right of possession to the land sold for taxes; and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place; and, if any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appear that before sale the amount legally chargeable on the land was paid or tendered to the tax collector.''

Section 4469, Code 1930, which appeared in chapter 269, Laws of 1914, requires the chancery court to assess the benefits accruing to land because of the formation of a drainage district, and provides that the assessment so made shall be payable in ten annual installments; shall be a lien on the land, ''and shall be entitled to preference to all demands, executions, encumbrances or liens whatsoever, and shall continue until such assessment, with any penalty and costs that may accrue thereon, shall have been paid.'' Section 4470 requires the board of supervisors of the county in which the land lies to make an annual tax levy, at the time the county tax levy is made, in an amount not exceeding the installment of assessment levied for that year, sufficient to meet the obligations of the drainage district. Other sections provide for the collection of the drainage assessments by the sheriff and tax collector, and for the sale of the land by him for the nonpayment thereof, at the same time and in the same manner as for the nonpayment of state and county taxes thereon.

The best way to approach the ultimate question here

for decision is to decide, first, the relation to each other of the lien for state and county taxes and the lien for drainage assessments, and then the effect of the provisions that a sale for taxes conveys a perfect title to the purchaser, and that the lien of a drainage assessment "shall continue until such assessment, with any penalty and costs that may accrue thereon, shall have been paid."

Taxes for general governmental purposes and for local improvements differ in many respects, but the levy of each is an exercise of the state's taxing power, and assessments for local improvements must, equally with the other, be for a public purpose. Cox v. Wallace, 100 Miss. 525, 529, 56 So. 461.

Section 4448 et seq., Code 1930, put the assessments for local improvements here involved in the same category as state and county taxes, and make them, as nearly as is legislatively possible, of equal dignity therewith. The language by which each lien is created is equally all inclusive and exclusive, and neither necessarily displaces the other. When land is sold to individuals for the nonpayment of state, county, and drainage taxes or assessments, no question of priority thereof arises, for all such taxes are thereby collected; but when no individual bids for the land, at the sale, an amount sufficient to pay all of these taxes, it is sold to the state under sections 3249 and 4488.

If the land is redeemed from a sale to the state, all of the taxes and drainage assessments due thereon must be paid under sections 3264 and 4488, Code 1930. Should the land not be redeemed therefrom, all taxes thereon remain in abeyance until the land is sold by the state. Carrier Lumber & Mfg. Co. v. Quitman County, 156 Miss. 407, 124 So. 437, 125 So. 416, 66 A. L. R. 614. How the statutes dispose of this priority when the land is sold by the state is here of no consequence and will not be considered. Nor are we here concerned with the priority of titles between a purchaser under a sale for

state and county taxes only, and a purchaser under a sale for drainage assessments only, if such can occur.

This brings us to the meaning and effect of the provisions that a sale for taxes conveys a perfect title to the purchaser, and that the lien for drainage assessments shall continue until they have been paid, which two provisions must be construed together and harmonized, if possible. It is clear that the draftsman of section 4469, Code 1930, and the Legislature which enacted it, intended to prevent any displacement of the lien for drainage taxes thereunder by anything existing when the lien arises, or that might thereafter arise, which intention must be carried into effect, unless the provision of the prior sections in the same Code, i. e., sections 3256 and 3273, that a sale for taxes shall convey a perfect title to the purchaser, prevents.

We will assume, for the purpose of the argument, that the words "perfect title," unless used in a more restricted sense, to be gathered from the instrument in which they appear, embrace not only the right of property and of possession, but also freedom from liens and incumbrances, in which connection see Goff v. Jacobs, 164 Miss. 817, 145 So. 728.

The particular purpose which the Legislature had in mind when providing that a sale for taxes should convey a perfect title to the purchaser is reasonably clear. The provision was wholly unnecessary in order to relieve the land of liens and incumbrances thereon, for that had already been accomplished by the provision of section 3120, Code 1930, that the tax lien "shall bind the same, and be entitled to preference over all judgments, executions, encumbrances, or liens, whensoever created." What the Legislature evidently had in mind was the nature and quality of the title, and intended to make clear that a tax deed should convey to the purchaser a title in fee simple absolute, except insofar as such a title was qualified by the subsequent provisions of section 3273, Code 1930. It

seems reasonably clear, therefore, that the Legislature did not intend for the purchaser of land at a tax sale to receive the land free from a lien of drainage assessment thereon created by section 4448 et seq., Code 1930, which lien, in section 4469 thereof, it had expressly declared should remain until the assessment was paid. So to hold relieves these sections of their apparent conflict, and harmonizes them without running contrary to any rule for the construction of statutes. This conclusion is reinforced by two facts, proper to be here considered:

First. Chapter 195, Laws of 1912, and its amendments, were enacted long after the enactment of the statutes now appearing as sections 3120, 3256, and 3273, Code 1930. And

Second. Section 4448 et seq., Code 1930, appear therein after, and not before, sections 3120, 3256, and 3273, thereof.

To so construe these statutes does not violate section 100 of the Constitution, for one, among other probable reasons, which is that no taxes of any character are thereby released, postponed, or diminished. Carrier Lbr. & Mfg. Co. v. Quitman County, supra. This disposes of the effect of the sale to the appellant for the state and county taxes, and it remains only to consider whether the sale to him for the nonpayment of drainage taxes or assessments thereon relieved the land from such assessments thereafter to become due.

The effect of the provision of section 4469, Code 1930, that the lien of such an assessment shall continue until it has been paid, is that the sale of the land for the nonpayment of one such assessment does not relieve it from the lien for other such assessments thereafter to become due.

Section 3264, Code 1930, requires the chancery clerk, when permitting land to be redeemed from a tax sale, to collect from the person offering to redeem, all taxes and costs that have accrued on the land since the sale. Sec-

tion 4488, Code 1930, provides that sales for the nonpayment of drainage assessments shall be subject to the provisions of the sale of land for state and county taxes, and that the owner should have a right to redeem the land from sale as now provided by law. The effect of these statutes is to require the chancery clerk to collect, from the person offering to redeem the land from a sale for the nonpayment of drainage assessments thereon, all drainage assessments that have accrued thereon since the sale.

Affirmed.