**BANK OF COMMERCE & TRUST CO. OF MEMPHIS, TENN., v. UNION CENTRAL LIFE INS. CO. et al.***

No. 8604.

Circuit Court of Appeals, Fifth Circuit.

Jan. 21, 1938.

Julian C. Wilson, of Memphis, Tenn., for appellant.

Gerald FitzGerald, of Clarksdale, Miss., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for a declaratory judgment that plaintiffs' lands were not subject to, and an injunction relieving them from cer-

*Rehearing denied March 18, 1938.

tain levies made by the board of supervisors of Tallahatchie county, pursuant to a decree of the Supreme Court of Mississippi entered in Bank of Commerce & Trust Company v. Com'rs of Tallahatchie Drainage District No. 1, et al., 165 Miss. 582, 138 So. 558. The claim was that plaintiffs held their title under foreclosure of mortgage liens existing as first liens on the lands before the levies in question had been made or ordered, and that plaintiffs held the lands free of levies, (a) because they were not tax, but assessment levies and created no lien upon the lands, and (b) if they created any lien, it being subsequent in time was inferior in law to the lien of the mortgages under which plaintiffs hold.

The defense to the suit was that the levies the decree had ordered and the Board had made were levies of taxes which by the statutes of Mississippi,[1] were charged, and secured by a lien, upon the lands prior and superior to all "liens whensoever created."

The District Judge, while recognizing the conclusive and binding force of the Supreme Court decree, and of the levies made by the supervisors of Tallahatchie county pursuant to it, as to all the lands in general affected by them, took plaintiffs' view that the liens of the mortgages under which plaintiffs hold title, were first liens superior and paramount to the lien of the levies, and that by their foreclosure the lands passed to plaintiffs, levy free.

In addition to granting the injunction the decree appealed from required the defendant to restore to plaintiffs amounts already collected under levies on plaintiffs' lands.

A considerable, indeed the greater part, of appellees' brief is devoted to an attack upon the declaration and decree of the District Court that the decrees and judgments leading up to the levies "are all valid and binding judgments and decrees * * * and are binding upon this court, and this court must give full faith and credit to them."[2]

In their effort to retry the issues already tried in the state courts of Mississippi, they attack as fundamentally invalid the judgments and decrees, establishing the liability of Tallahatchie Drainage District, entered in Tallahatchie Drainage District No. 1 v. Yocona-Tallahatchie Drainage District No. 1,[3] the judgment requiring the chancery court to apportion the indebtedness of the drainage district, where the improvements had been abandoned, Bank of Commerce v. Commissioners of Tallahatchie Drainage District No. 1,[4] and the decree directing the commissioners to make the levy complained of, Bank of Com-

---

[1] *"Taxes, a lien, from what date.—* Taxes, both state and county, assessed upon lands or personal property, shall bind the same, and be entitled to preference over all judgments, executions, encumbrances, or liens, whensoever created; and all taxes assessed shall be a lien upon and bind the property assessed, from the first day of January of the year in which the assessment shall be made; and no property shall be exempt from distress and sale for taxes. And it shall not be necessary to the validity of an assessment, or of a sale of land for taxes, that it shall be assessed to its true owner; but the taxes shall be a charge on the land or personal property taxed, and the sale shall be a proceeding against the thing sold, and shall vest title in the purchaser, without regard to who may own the land or other property when assessed or when sold, or whether wrongfully assessed, either to a person, or to the state, or any county, city, town, or village, or subdivision of either." Mississippi Code 1930, § 3120.

[2] "(a) The judgments set up in the pleadings, to-wit: the judgment of the Circuit of the First District of Talla-hatchie County, Mississippi, in favor of Yocona Tallahatchie Drainage District No. 1 vs. Tallahatchie Drainage District No. 1 of Tallahatchie, Grenada and Quitman Counties, Mississippi, and the judgment affirming the same by the Supreme Court of Mississippi, and decrees of the Supreme Court of Mississippi ordering the Board of Supervisors of Tallahatchie County and other counties to levy a tax to pay the amount decreed in favor of the Bank of Commerce & Trust Company, assignee of Yocona Tallahatchie Drainage District No. 1 by levies of taxes therein decreed to be made and the dismissal of the appeal from the decree of the Supreme Court of Mississippi by the Supreme Court of the United States of said judgments, are all valid and binding judgments and decrees duly certified to this court in the cause and that the same are res adjudicata of the matters therein properly adjudicated and decided, and are binding upon this Court, and to which this Court must give full faith and credit."

[3] 148 Miss. 182, 114 So. 264.

[4] 157 Miss. 336, 128 So. 91.

merce & Trust Co. v. Com'rs of Tallahat-chie Drainage District No. 1.[5]

Appellant on its part insists that all of these are closed matters; none of them may be re-examined here. That this appeal presents only a single question, whether or not the plaintiffs, claiming under a mortgage prior in date to the judgments and the decree for the levy of taxes, and the levies themselves, can hold their lands free and clear of taxes subsequently and lawfully levied, not by special assessment, upon the interest of a particular owner, but upon the lands themselves.

■ We agree with appellant. Interesting as these questions appellees seek to raise are, when viewed abstractedly, they are, as applied to this case, no longer questions. Subject as these proceedings might have been, while transpiring, to practical, and as they now may be to abstract, criticism, we may not entertain animadversions on them. We must accept them as they are. For resulting in judgments entered by the highest court of the state in proceedings of which it had full jurisdiction, these judgments and decrees are binding upon us, and we may not inquire into them, except to ascertain and give effect to their purport and meaning. People's National Bank v. Marye, 191 U.S. 272, 24 S.Ct. 68, 48 L.Ed. 180; Merchants' & Manufacturers' Nat. Bank v. Pennsylvania, 167 U.S. 461, 17 S.Ct. 829, 42 L.Ed. 236; Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528; Jones v. Prairie Oil & Gas Co., 273 U.S. 195, 47 S.Ct. 338, 71 L.Ed. 602; North Laramie Land Co. v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953; Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Cooper v. Newell, 173 U.S. 555, 19 S. Ct. 506, 43 L.Ed. 808; United States v. Stone, 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013. We must accept and give them final effect, and so accepting, must limit our inquiry to the single question this appeal presents, whether the levies ordered to pay appellant's judgment were, as appellant claims, levies supported by liens enforcible against plaintiffs' lands, as well as all other lands in the district, or whether these levies were as appellees contend, unsupported, as to plaintiffs' lands, by enforceable liens, and therefore plaintiffs' lands

passed to them under the mortgage foreclosures, free from levy and sale to satisfy the judgment.

■ We agree with appellant that the levies were, and were ordered as, tax levies. That under settled Mississippi law when assessed upon plaintiffs' lands, they "bind the same, and are entitled to preference over all judgments, executions, encumbrances, or liens whensoever created." We find no basis in the statutes or the decisions of Mississippi for the idea appellees advance, that these levies are not tax levies, supported by valid and paramount liens, but something else, amorphous in character, indeterminate in effect, and as to plaintiffs' lands, without lien and void.

Chapter 107, Mississippi Code 1930, articles 1 and 2, section 4371 et seq., constitutes a complete drainage code. Throughout the sections comprising these articles the levies they authorize are designated as "taxes" and are treated, and declared to have the same effect, as state and county taxes.

Article 1, section 4371 et seq., deals with "Drainage Districts with County Commissioners." Section 4397 provides that on or before the first Monday of September of each year, the drainage commissioners shall levy the necessary tax and certify the levy to the board of supervisors. It shall thereupon become the duty of said board to make the levy in accordance with such assessment.

Sections 4440 to 4445, inclusive, provide that all taxes levied under the terms of any drainage law of the State of Mississippi shall be payable at the same time state and county taxes are payable, and if not paid the lands subject to them shall be advertised and sold in the same manner and with the same consequences, as lands delinquent as to state and county taxes, are.

Article 2, section 4448 et seq., deals with "Districts with Local Commissioners" and therefore directly with the taxes in question here. It provides, in section 4449, for the creation of drainage districts on petition, the payment of expenses by the county as the work progresses, and particularly that "in the event the said district is not organized after said indebtedness has been incurred, then the board of supervisors may levy an acreage or an ad valorem tax

---

5 165 Miss. 582, 138 So. 558, appeal dismissed for want of substantial Federal question; Brown v. Bank of Commerce & Trust Co., 287 U.S. 563, 53 S.Ct. 6, 77 L.Ed. 497.

against the lands embraced in said proposed drainage district in the manner hereinafter provided."

Section 4459, the section particularly in point here, provides that if for any cause the improvements shall not be made, said costs shall be charged on real property in the district, including railroads, if any, and shall be raised and paid by assessment, "in the event said assessments are not made, or the improvements shall not be completed, or the same be abandoned, for any cause, after such indebtedness is incurred, the board of supervisors of the county in which the drainage district is located [if the district is in a single county] shall levy an acreage tax, or an ad valorem tax, on the lands in said proposed drainage district to pay such indebtedness, * * * and in case the lands in the proposed district lie in more than one county, then the chancellor aforesaid, shall apportion said indebtedness between the several counties, and the board of supervisors of the several counties shall thereupon levy such apportioned tax upon the lands of their counties respectively, according to the ruling of the said chancellor."

Section 4469 provides that assessments levied by a court or chancellor "shall be a lien on all of the real property of the district from the time that the same are levied, * * * and shall be entitled to preference to all demands, executions, encumbrances or liens whatsoever, and shall continue until such assessment * * * shall have been paid."

The Supreme Court of Mississippi has declared that such assessments represent the exercise of the State's taxing power, and that liens securing them continue until they are paid. Howie v. Panola Quitman Drainage District No. 1, 168 Miss. 387, 151 So. 154.

Section 4488 provides that all taxes levied under the terms of this article shall be payable at the same time the state and county taxes are payable, and the tax collector shall place the same upon the tax receipt along with the state and county and other taxes, and if the taxes, including the drainage district taxes, be not paid at maturity, the tax collector shall sell the lands in the same manner and subject to the same incidents as now provided for state and county taxes. This section provides that except as therein otherwise provided, the provisions of law relative to the sale of delinquent land for taxes, the title thereto, and the handling and sale of lands sold to the state for taxes, shall apply to all sales under this article. While section 3273, Mississippi Code 1930, under chapter 61, "Revenue," provides for the issuance, when the period of redemption has expired, of deeds to individuals purchasing at tax sales, and that such conveyances shall vest in the purchaser a perfect title, with immediate right of possession to the land sold for taxes. Cf. Howie v. Panola Quitman Drainage Dist., supra and Robins v. Donovan Creek Drainage Dist., 152 Miss. 872, 120 So. 184.

The Supreme Court of Mississippi had all of these sections in mind when, in the series of decisions which form the basis of the levies under attack here, Tallahatchie Drainage Dist. v. Yocona-Tallahatchie Drainage Dist., supra, establishing the debt against the district, Bank of Commerce v. Commissioners, supra, establishing the binding character and effect on the lands in the district of the judgment against the Commissioners, and Bank of Commerce v. Tallahatchie Drainage District No. 1, supra, ordering the levy of the taxes to pay it, it settled once and for all the questions appellees seek to raise here.

These decisions expressly settled it that the claim the bank had put in judgment was a claim against the district, and that the lands in the district were subject to taxation to pay it. No express claim was made in those cases, that the mortgaged lands were, because of their being mortgaged, exempt from the levy or that lands purchased under foreclosure of such mortgages were purchased tax free. It was expressly decided, though, that the commissioners were the representatives of the land owners, and that the judgment against the commissioners bound their lands. It was implicit in the judgment ordering the lands in the district to be taxed to pay the district's indebtedness that this was without regard to who owned them or the nature and source of their title. What confusion, if any, there may be as to the nature of ordinary assessments in completed drainage districts, cf. Huston v. Mayo, 120 Miss. 523, 82 So. 334, and Howie v. Panola-Quitman Drainage District, 168 Miss. 387, 151 So. 154, there is none as to the levies here for costs of an uncompleted drainage district. These levies are, by the express terms of the statute ordering the levy of

taxes to pay such claims, and by the judgments and decree of the Mississippi Supreme Court giving effect to them, tax levies, supported by prior and paramount liens.

We see no difficulty, in the light of the Mississippi statutes and decisions, in arriving at the conclusion that the levies in question here, which statutes and decisions alike declare to be tax levies to pay this claim against the district, are tax levies just as fully as any other levy of taxes to pay a claim against, or expenses of, a county, district, or other subdivision of the state would be a tax levy. We should have much greater difficulty in reaching a contrary conclusion, for we have no quarrel with the policy which provides that this debt should be paid by a tax, and that the lien of the tax is prior to all other liens. After all, if a tax ordered to be levied to pay adjudged obligations could be defeated merely by the existence of mortgages placed on the lands prior to the incurring of the indebtedness, taxation could be brought to a standstill by the simple expedient of mortgaging all property in the district, and thus destroying the future taxing power. A conclusion that the statutes of a state permit this to be done would not be reasonable, unless forced by the terms of the statute clearly so providing. Nothing in the Mississippi statutes invoked here support such a conclusion; everything in them leads to a directly contrary one.

It is plain that appellees' argument is more barbed by the intensity of their conviction that the whole proceedings which eventuated in the judgment against the Tallahatchie Drainage District were affected with vices which should have brought about the defeat, rather than the establishment, of the claim, than it is by a conviction that established as a claim the levies to discharge it are not supported by liens upon plaintiff's lands.

We are not at liberty to open up the judgments which gave sanction to these proceedings, in order to inquire into them. As the matter is presented to us, we think the answer neither difficult nor affected with unjust results. Assuming, as we must, the validity of the judgments for which the levies were ordered, and the validity of the decrees ordering them, we think it would not be reasonable to hold the lands of appellees exempt from the levies, while holding all other lands in the district subject to them.

The decree was wrong. It is reversed, and the cause is remanded with directions to dismiss the bill.

All costs are taxed against appellees.

Reversed and remanded.