GILLIS *et al. v.* INDIAN CREEK DRAINAGE DIST. OF PANOLA, QUITMAN AND TUNICA COUNTIES.

(Division A.   May 4, 1931.   Suggestion of Error Overruled June 15, 1931.)

[134 So. 173.   No. 29428.]

Boone & Lowrey, of Marks, for appellants.

Herbert Holmes, of Senatobia, and Herbert Fant, of Sardis, for appellee.

530

Herbert Holmes, of Senatobia, and Flowers, Brown & Hester, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of the First district of Panola county, Mississippi, approving and confirming an assessment of the lands of the appellee, drainage district, on which only property in the towns of Sledge and Falcon were assessed with additional benefits, these towns being located wholly within said district, and having been a part thereof since its organization.

The appellee, Indian Creek drainage district, was organized in the year 1916, under chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914, and an assessment was then duly made of the benefits and damages accruing to all the property located within the district. After the creation of the district and the completion of the improvements proposed therein, it was found that the ditches and drains had partially filled up and become obstructed with silt and sand flowing out of the hills, and were also obstructed by willows and other small bushes growing therein, and it was determined that it was necessary to make an additional assessment on some of the property in the district to provide funds to clean, repair, and maintain the drainage canals originally laid out, and the commissioners of the district proceeded to give notice of a hearing to assess benefits against certain property owners in the district, but not against all of them. From a decree approving an assessment so made, an appeal was prosecuted to this court, and the decree of the court below was reversed in an opinion reported in 155 Miss. 160, 124 So. 262, in which

it was held that, under the closing portion of section 7, chapter 269, Laws of 1914 (section 4463, Code of 1930), benefits can be assessed subsequent to the first assessment, when it is necessary to assess the property within the district in order to raise funds to preserve and maintain the improvements of the district, and that, when it becomes necessary to make a subsequent assessment under the latter part of the aforesaid section, such assessment may be based upon the benefits which will then accrue to the property of the district without regard to the judgment of the commissioners in the first hearing, but in such case the property of the entire district must be taken and considered, and it is not permissible to select certain parcels or lots of land and assess them with benefits and leave other property benefitted by the additional work, or additional assessment, unassessed.

Upon the remand of the cause, the commissioners filed a special report and assessment of additional benefits, upon which, as to all the land and property of the district, except that located in the towns of Sledge and Falcon, and except the property of the Yazoo & Mississippi Valley Railroad Company, there was entered under the heading of "Additional Benefits Assessed by Commissioners" the word "none." As to all the property located in the aforesaid towns there was an assessment of additional benefits, which said additional benefits were the same in amount as those which were held invalid upon the former hearing of the cause in this court. Upon the filing of this assessment roll the chancellor directed that the clerk of the court should give proper notice of the filing thereof and set the cause for hearing on a fixed date. Upon the date fixed for this hearing the appellants herein filed a protest against the additional assessment upon the property in the town of Sledge. After a full hearing in the matter the chancellor entered a decree approving and confirming the additional assessment roll as filed. This decree of the

court contained, among others, the following finding of facts:

"That at the time of the filing of the original assessment roll in 1916, the benefits to accrue to some of the territory in said district could not be foreseen or estimated and therefore the commissioners in making their original assessment of benefits against certain of the property embraced within the bounds of said district and including the Yazoo & Mississippi Valley Railroad Company, a nominal assessment in said original assessment rolls was made against a part of the territory now embraced in said district and that the facts now show that the lands reassessed for additional benefits by reason of the improvements having been made, are receiving additional benefits from those originally contemplated and unforeseen in the first instance and that those that were assessed with nominal benefits or no benefits at all, in the first instance, are now receiving large benefits from improvements already made and will be largely benefited by the maintenance of the improvements as originally made, all of which fully appears from proof taken in open court, and that it appearing further that in order that equity and justice may be done all land owners embraced in said district, it is necessary and proper that said additional benefits should and ought to be assessed against all that property in said district which was not assessed in the first instance on equality with the other properties of the district as after developments have shown.

"And it further appearing that some of the main channels east of the town of Sledge and Falcon have become partially filled, so that it is necessary that work be done upon these canals and other canals in said district, in order that their efficiency might not be impaired, and the district might continue to function as originally planned, and it being absolutely necessary that said system be maintained, and that the assessments be so

equalized by additionally assessing the property receiving benefits, which were not assessed with their full benefits in the first instance, in order to raise funds to preserve and maintain the improvements of the district.''

Upon the hearing of the matter before the chancellor the several commissioners of the district testified at length, and their testimony establishes the fact that at the present time the ditches or canals of the district are filled up with sand and willows and other bushes, and the district is not now functioning properly, and that all the lands in the district will be benefited by the proposed work to be done in repairing and maintaining the original ditches or canals of the district. That in making the additional assessment of benefits the commissioners undertook to assess the lands in the town of Sledge for benefits which were not foreseen at the time of the original assessment in 1914. That the commissioners conceived that in the original assessment the farm lands of the district were assessed with the full proportionate share of the benefits they would receive from the improvements, while the lands in the towns were not assessed with their proportionate share of the benefits which they have received from the district, and that in making this additional assessment they undertook to equalize and correct the inequalities in the original assessment; and to accomplish this purpose they additionally assessed all the lands in the town of Sledge, but made no additional assessment against any farm or country lands.

Section 7, chapter 269, Laws of 1914 (section 4463, Code of 1930), provides that after an assessment of benefits to accrue to the property of a drainage district has been equalized and finally approved and confirmed by the board of supervisors, its finding ''shall be final and have the force and effect of a judgment from which an appeal may be taken within twenty days to the chancery court or chancellor in vacation; or to the supreme

court of the state if the decision be of the chancery court, either by the property owner or by the commissioners of the district," and on the first appeal of this cause it was held that by this provision it is provided clearly that the assessment then made, if not appealed from and modified on appeal, becomes final to the same extent that a judgment does, subject only to the provision that "the assessment roll, so prepared and filed by the commissioners, when approved by the board of supervisors, shall stand as a final assessment of benefits upon the lands of the said district and no new assessment roll shall be required unless in the opinion of the commissioners it becomes necessary to raise the assessment of benefits to such lands . . . because it becomes absolutely necessary in order to raise funds to preserve and maintain the improvements of the district." In a further discussion of the force and effect of the original assessment of these lands the court said that: "The lands here attempted to be assessed already lay within the district, and had been assessed in the original creation of the district. In other words, the commissioners then estimated what benefits would accrue to the land from the proposed improvement, and the assessment became a judgment binding all of the land for the benefits assessed against it. It was not the purpose of the statute to give the commissioners power at any time they saw proper to go in and readjust and disturb the assessment of benefits once made. . . . It is true that after developments show frequently mistakes in original estimations, and we think that when the second assessment becomes necessary, under the latter clause of the statute, the board has power to redetermine the benefits to be derived from the new work and to reapportion the amounts on the property owners of the district, but it does not have the right, under this section anywhere, to pick out certain particular tracts and assess them for the benefits accruing to it, and leave unassessed benefits to other tracts within the district."

Upon the final approval and confirmation of the original assessment of benefits to the lands of the district by reason of making the improvements therein, this assessment roll had the force and effect of a judgment, and was res adjudicata as to such benefits, and any errors or inequalities therein cannot be corrected, adjusted, or equalized in any additional assessment afterwards made for new work or maintenance of the improvements. When it becomes necessary to make an additional assessment to preserve and maintain the improvements of a district, the benefits to all the land and property of the district resulting from an expenditure of the money to be deprived therefrom in maintaining the district must be proportionately assessed against all the lands of the district without reference to any inequality that may have existed in the original assessment. It is true that in the assessment here involved all of the lands of the district are included within the binders of the one roll, and that opposite each tract of farm land, under the heading of "Additional Benefits Assessed by Commissioners," there is entered the word "none," but it is admitted throughout the record, and the chancellor so found, that no assessment was made against these lands, not because they would receive no benefits from the proposed maintenance, but because, in the judgment of the commissioners, they were assessed out of proportion to lands in the municipalities in the original assessment, and that the assessment was placed only on the lands located in the municipalities in an effort to correct, equalize, and adjust the inequalities in the original assessment. If this should be permitted, it seems to us that it would result in accomplishing by indirection exactly what it was held on the former appeal of this cause could not be done directly. Consequently the decree of the court below will be reversed, and the cause remanded.

Reversed and remanded.